## ROBERT et al. v. MULLEN.

No. 6992—Opinion Filed Sept. 26, 1916.

(160 Pac. 83.)

**1. Appeal and Error—Record—Scope and Contents—Order of Court.**

The trial court rendered judgment on the pleadings. The answer referred to a certain order of court, approving a full-blood conveyance, as being attached and made a part of said answer. The order so referred to was in fact not attached and was not filed in the trial court. An appeal was taken to this court from said judgment upon a transcript of the record. After the expiration of over a year, a certified copy of the said order was filed with the clerk of this court and attached to the transcript of the record herein. Held, that such instrument is not a part of the transcript and cannot be considered by this court.

**2. Pleading—Motions—Judgment on Pleadings—Want of Reply.**

The petition contains two causes of action, namely, one in ejectment and one to cancel a conveyance. Both causes are stated in the usual form, and cancellation is sought upon the grounds: (1) That such conveyance was never executed by the plaintiffs; and (2) that the conveyance was never approved by the county court as required by law, the said conveyance being a full-blood conveyance of inherited lands. The petition was not verified. The answer of defendant, which was verified, contained: (1) A general denial; and (2) affirmative allegations of the execution and delivery of the said conveyance and the payment of an adequate consideration thereunder, by way of a cross-petition, and sought to have title quieted as against the plaintiffs. Held, that the affirmative relief which defendant sought was dependant upon the result of the trial of the issues raised by the general denial to the petition, and if plaintiffs prevailed in such trial, no relief as sought could be granted defendant, and if defendant prevailed in such trial, his title became effectually adjudicated without such affirmative relief of quieting his title. Held, further, that no reply was necessary to join issues of fact, triable to the court or jury, and the relief sought under the cross-petition of the defendant, being dependant upon such trial, and being such relief as would accrue to him, if he were successful in such trial, without a judgment quieting his title, could not be granted him upon the pleadings in default of a reply to the answer and cross-petition of the defendant.

(Syllabus by Campbell, C.)

Error from District Court, Carter County; A. Eddleman, Judge.

Action by Daniel Robert and another against J. S. Mullen. Judgment on the pleadings for defendant, and plaintiffs bring error. Reversed and remanded.

J. R. Connell, E. C. Andrews, J. M. Willis, and G. Earl Shaffer, for plaintiffs in error.

H. A. Ledbetter and F. M. Adams, for defendant in error.

Opinion by CAMPBELL, C. This action was commenced in the district court of Carter county by plaintiffs against the defendant for the recovery of a tract of land and for the cancellation of a purported warranty deed covering the same. The petition contained two causes of action, separately stated. The first one was an action in ejectmment, and the other one was for the cancellation of a conveyance covering the same land, purporting to have been executed to the defendant by the plaintiffs, upon the following grounds: (1) That the deed in question was never executed by the plaintiffs; and (2) that the deed had never been approved by the county court as required by law, the said conveyance being a full-blood conveyance of inherited lands. Both causes were set forth in the usual form, and the petition was unverified. The defendant filed an answer properly verified, which contained: (1) A general denial; and (2) affirmative allegations of the execution and delivery of the deed in question by the plaintiffs to the defendant and the payment thereunder of an adequate consideration therefor, and further alleged the approval of said conveyance by the county court of McCurtain county, being the court having jurisdiction to approve said conveyance, and in said answer made reference to said order of approval and alleged that a copy of same was attached to the answer and made a part of the same, and prayed for a judgment quieting his title to said lands and barring all claims of plaintiffs to the same.

The order referred to was not in fact attached to the answer and never was filed in the trial court. No reply was filed to the answer and cross-petition of defendant, and on motion of defendant the court rendered judgment against the plaintiffs on the pleadings denying any relief to plaintiffs and quieting the title of defendant to the lands involved, barring all claims of the plaintiffs and enjoining them from asserting any claims to said lands and assessing the costs of the action against the plaintiffs. From this judgment an appeal is brought to this court by plaintiffs upon a transcript of the record, and they assign as error the action of the court in rendering such judgment upon the pleadings.

Before entering upon the discussion of the merits of this appeal, it becomes necessary to notice a contention made by the defendant in error with reference to an instrument which has been filed for the first time in this court. As was stated, the order approving the conveyance which was referred to in the answer of the defendant was not in fact attached to the answer and was never in fact filed in the trial court, and it does not appear in the transcript of the record attached to the petition in error, but was filed for the first time in this court more than a year after this proceeding in error was commenced. It is true that there appears in the transcript a recital as follows:

"* * * And the answer and cross-petition of defendant having been presented and the exhibits referred to having been read to the court, and argued and treated by counsel for both plaintiffs and defendant in their argument as if the same had been attached or filed, were so treated by the court."

Such recital does not purport to be a copy of any order of the court in the cause, unless it is intended to be a recital of the language of the court in passing upon a motion to permit the filing of a reply, which the trial court, it would seem from such a recital, refused to grant. It is fundamental that a motion and the ruling of the court thereon has no place in a transcript of the record, and if such motion or the ruling thereon is included in a transcript by the clerk, it is a mere nullity and cannot be considered by this court. Devault et al v. Merchants' Exchange Co., 22 Okla. 624, 98 Pac. 342.

The petition in error with the transcript attached was filed in this court on November 23, 1914, and the order referred to in the answer is not in such transcript. On March 9, 1916, there seems to have been filed in this court what purports to be a copy of such order approving the conveyance in question, as recorded in the office of the register of deeds for Carter county, and it is urged by defendant in error that this court should consider such instrument as a part of the record in this court, even though it was never filed in the trial court, and was filed for the first time in this court more than one year after the proceedings in error were commenced. Such an instrument, or exhibit, not having been filed in the trial court, cannot be made a part of the record by filing the same in this court and attaching it to the transcript, and this court cannot consider the same.

The only question presented by the record in this appeal is as to whether the trial court erred in rendering judgment upon the pleadings as they existed in the court below. The two causes of action were in usual form, and no contention is made that either cause is defectively stated, or that either is subject to demurrer. The theory upon which the defendant presented his mo-

tion for judgment on the pleadings, and the one which the trial court seems to have recognized, was that the answer and cross-petition required a reply in order to form any issue of fact properly triable to the court or a jury. The petition alleged that the deed sought to be cancelled was never executed by the plaintiffs, and, further, that such deed was never approved by the county court having jurisdiction to approve the same, it being a full-blood conveyance of inherited lands.

Under the facts alleged, and the admissions in the answer, it is apparent that such conveyance was one which is required to be approved before it is a valid conveyance. If such conveyance was never executed, as alleged in the petition, by the plaintiffs to the defendant, or if it were executed but not approved as required by law, then it was subject to cancellation at the instance of the plaintiffs. The defendant in his answer made a general denial, and then alleged affirmatively that such conveyance was executed and delivered to him by plaintiffs, and further alleged that such conveyance was approved by the proper court having jurisdiction to approve same. This is in effect nothing more than a general denial and added nothing to the general denial theretofore appearing in the answer. Two material issues of fact were tendered by the petition and were joined by the general denial in the answer, and no further allegation as to the execution of the conveyances and its approval by a court having jurisdiction that might be placed in the answer could eliminate the necessity for a trial of the issues of fact joined by the general denial. It would seem that the cross-petition of the defendant was merely one in form, as the relief sought thereby was only that relief which would accrue to the defendant if he prevailed in the trial of the issues raised by the pleadings. Judgment in his favor in a trial of the issues joined by the general denial would be just as effectual to quiet his title and bar all claims of the plaintiffs as an affirmative judgment to that effect; and, for this reason, his cross-petition was entirely dependent upon the result of the trial of the issues presented by the petition and general denial, and a failure of plaintiffs to file a reply to the answer and cross-petition of the defendant did not warrant the court in rendering a judgment upon the pleadings denying any relief to plaintiffs without having had a trial of the issues properly joined by the pleadings. It will also be seen that no relief could, in the nature of things, be granted to the defendant upon his so-called cross-petition until it was first determined that the deed had actually been executed and delivered and until it was further determined that such deed, if executed and delivered,

had actually been approved by the court having jurisdiction to approve such full-blood conveyance. The plaintiffs allege that such deed was never executed by them to the defendant, and that it was never approved as required by law, and upon these two grounds they sought to have the deed canceled. The defendant made a general denial in his answer, and then affirmatively alleged that such deed was executed and delivered to him by the plaintiffs, and that it had been duly approved by the county court having jurisdition to approve the same. The affirmative allegation added nothing to the general denial and did not require any reply, and the cross-petition of the defendant being only one in form, depending absolutely upon the result of the trial of the issues of fact joined by the general denial, did not require any answer, for it sought no relief different from that which would accrue to the defendant in the event that he prevailed in the trial upon the other issues of fact joined by the pleadings. A case very similar to this one has been before this court, and the pleadings very similar to the ones in this case have been construed by this court. In the recent case of Cox v. Gettys, 53 Okla. 58, 156 Pac. 892, it was held:

"The petition, in a suit to cancel deed upon the ground, among others, that it was a forgery, was in the usual form, but unverified. The answer which was verified contained: (1) A general denial; and (2) an allegation to the effect that on November 30, 1912, B. made, executed and delivered to the defendant his certain deed in writing whereby he conveyed to the defendant the certain premises described in the petition of the plaintiff; that said deed was filed for record in the office of the register of deeds in Oklahoma county on December 6, 1912; that a copy of said deed is attached to the petition, marked 'Exhibit A,' and made a part thereof; that said B. departed this life on December 5, 1912. Held, that the answer was in effect a general denial of the allegation of forgery, to which no reply was necessary, and that evidence tending to establish forgery was admissible."

In the opinion of the above case, Mr. Chief Justice Kane says:

"The general denial contained in the answer sufficiently joined the issue upon the question of forgery, and the further affirmative statements to the effect that the deceased made, executed and delivered the deed did no more."

The answer of the defendant in the instant case being in effect only a general denial as to the main facts, and the cross-petition of the defendant being one in form only, seeking only such relief as would accrue to him in the trial of the case under the petition of plaintiffs, and being entirely dependent upon the

trial of the issues of fact joined by the answer, it was not necessary for the plaintiffs to file a reply to the answer of the defendant nor an answer to the cross-petition of the defendant. Therefore the judgment of the trial court upon the pleadings in favor of the defendant deprived plaintiffs of a trial upon certain material issues of fact, properly joined under the pleadings, and the judgment was erroneous.

The judgment of the lower court is reversed and cause remanded to the trial court, with directions to proceed therein in accordance with this opinion.

By the Court: It is so ordered.