### FRANKLIN v. WARD et al.

No. 7859—Opinion Filed May 21, 1918.

Rehearing Denied July 30, 1918.

(174 Pac. 244.)

**1. Appeal and Error—Assignments of Error—Sufficiency.**

Under the liberal rules of procedure in this court, an assignment of error "that the court erred in rendering judgment for the defendants on the pleading [in] said case" would be construed to mean that the court erred in rendering judgment on the pleadings, and presents for review the sufficiency of the pleadings to raise an issue of fact, and is sufficient compliance with section 5238, Rev. Laws 1910.

**2. Limitation of Actions—Recovery of Real Property—Incidental Relief.**

Where the primary purpose of an action is the recovery of possession of real property, and other relief is sought incidental thereto, the fourth subdivision of section 4655, Rev. Laws 1910, fixes 15 years as the limitation in which said action may be brought, and subdivision 3 of section 4657, Rev. Laws 1910, fixing the limitation of an action for fraud at two years after the discovery of the same, does not apply, notwithstanding the incidental relief sought is that a deed obtained by fraud be declared a mortgage.

**3. Pleading — Judgment on Pleadings—Issues of Fact.**

Where an issue of fact is presented by the pleadings, it is reversible error to sustain a motion for judgment on the pleadings.

(Syllabus by Collier, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Suit by Estelle Franklin against Cora B. Ward and others. From a judgment for defendants on the pleadings, plaintiff brings error. Reversed and remanded.

Lucas & Tabor and Philip Kates, for plaintiff in error.

W. D. Abbott, F. A. Rittenhouse, and Geo. B. Rittenhouse, for defendants in error.

Opinion by COLLIER, C. This is an action instituted on February 11, 1914, by plaintiff in error against the defendant in error, to recover possession of real property described in the petition, and to have a certain mortgage made by plaintiff in error, in form of a deed, given to Cora R. Ward, one of the defendants in error, declared a mortgage, and the plaintiff given the right to redeem said mortgage indebtedness, and also praying for the cancellation of certain deeds recorded against said lands by said several defendants, and for an accounting of the rents and profits derived from said real property by said defendants. Hereinafter the parties will be designated as they were in the trial court.

The petition filed in said cause states in substance:

"That plaintiff is the owner of the legal and equitable title to the lands described in the petition, and was and is at all times entitled to the possession of the same. That her title is deraigned as follows: On October 13, 1902. the said land was patented as the homestead allotment to Willie Franklin a Creek freedman, and on July 27, 1908. said Willie Franklin conveyed the said land to this plaintiff by warranty deed That on or before and after the 26th day of August, 1909, Willie Franklin, above named, the husband of this plaintiff, was indebted to Cora B. Ward, or to George Ward, who as the plaintiff believes was then doing business in the name of Cora B. Ward, in a sum the precise amount of which is unknown to this plaintiff, but which did not exceed the sum of $35, and that to secure the said debt the said Willie Franklin had given to the said Cora B. Ward, or to George Ward, doing business as Cora B. Ward, a note and mortgage; the mortgage covering, with other things, the crop on the land above described, which was not then owned by the said Willie Franklin, but by this plaintiff. That on the said 26th day of August, 1909, the said George Ward, acting for himself, doing business as Cora B. Ward, or as the agent of Cora B. Ward, came to the land above described, on which the plaintiff then resided and where she then was, and with an officer or alleged officer of the law seized, without warrant or authority, the said Willie Franklin, and threatened to keep him in custody and take him to jail for having given a mortgage on crops on land not owned by him. That this plaintiff was not then in normal condition, being with child, and expecting the child to be born within the next few months following, and being afraid in her condition to stay on the land alone, she having none other than her husband to stay with her, and in addition to her physical condition,

which was apparent, and her abnormal mental state, induced by her condition, and the excitement attending the coming of the said George Ward, and her fear for her husband, she was ignorant and unused to business; all of these things being known to the said George Ward, acting for himself, doing business as Cora B. Ward, or as the agent of Cora B. Ward. And the said George Ward, for himself, doing business as Cora B. Ward, or as the agent of Cora B. Ward, then stated to the plaintiff that if she would make a mortgage covering the land above described, her property, in which the name of Cora B. Ward should appear as mortgagee in the sum of $70.50, he demanding that an amount in excess of the debt owing by Willie Franklin be included to repay him, as he said for his time and trouble in coming to the land, he would cause the said Willie Franklin to be released, and on that condition alone would he do so. And the plaintiff in great fear promised to execute the said mortgage, and was taken to Tulsa by the said George Ward, and there was taken to the office of Cora B. Ward, and by the said Cora B. Ward and George Ward was compelled for no consideration whatever, and to save and release her said husband, Willie Franklin, from the unwarranted custody in which he was then held by the said Wards, to sign a paper which they stated and which she believed to be a mortgage. And plaintiff was then told by the said Wards, and each of them, that upon her repaying to them, or to Cora B. Ward, or to George Ward, the amount of the mortgage, the land would be released.

"Plaintiffs say: That there has been recorded in the office of the register of deeds a paper purported to have been signed by her on said 26th day of August, 1909, in form a warranty deed, from her to the said Cora B. Ward, conveying to the said Cora B. Ward the land above described. That she does not know whether it is in fact the paper signed by her, she being, by reason of her ignorance and by reason of the conditions surrounding the signing of it, as above set forth, unable to comprehend the contents of the writing which she signed; but that if, in fact, she signed a paper in the form of a warranty deed, it was intended to be, and was, only a mortgage upon the said land taken as aforesaid, and to be canceled upon the repayment by her to the said Cora B. Ward, or George Ward, doing business as Cora B. Ward, of the amount purported to be secured thereby. And immediately after the signing the said paper she returned in haste and fear to her home, and shortly thereafter, within a few days, procured the sum of $75 and came to Tulsa, to the office of Cora B. Ward, and then and there tendered her the said $75, and offered to repay to her the amount of the loan after the cancellation of the mortgage. But the said Cora B. Ward refused to accept the said money and drove the plaintiff from her office. And the plaintiff then went to the home of her mother in Coweta, to be delivered of her child, and there the child was born on December 19, 1909. That she is ignorant and illiterate, and not versed in business matters; and as soon as she became aware of her right to recover the land above described she proceeded to employ counsel to bring this action. That on the 26th day of August, 1909, the land above described was reasonably worth the sum of $1,600. That the defendants are in possession of the above-described land, claiming the same adversely to this plaintiff; and that plaintiff is entitled to the immediate possession thereof. That the defendants have committed and are committing waste on the said premises, by removing large quantities of oil and gas. That she is ready and willing to do equity by returning, or crediting on an accounting, to each of the defendants, whatever sums of money they may be entitled to by law, for money expended by them in and about the said property. That at all times since the said 26th day of August, 1909, she has been and is entitled to the possession of the said land above described, and to the rents and profits therefrom. That she has no adequate remedy at law. That in equity and good conscience the claims of the defendants to the said lands should be set aside.

"The plaintiff prays: (1) That the instrument purporting to be a warranty deed from plaintiff to Cora B. Ward, and that, if declared a mortgage, this plaintiff be decreed the right to redeem the said land by repaying to the said Cora B. Ward the amount of the loan secured thereby with interest. (2) That the defendants, and each of them, be required to answer, setting forth their claims to the said land, or be forever barred from any claim in or to the said land. (3) That the defendants, and each of them, be required to account to the plaintiff for the rents and profits of the said land from the 26th day of August, 1909, and be required to account for all the oil and gas removed therefrom, and to repay to the plaintiff the moneys received by them, or either of them, from the use and occupation of the said land or from the proceeds of any oil or gas removed therefrom, and further be required to account to the plaintiff for the reasonable value of the use of said land for agricultural purposes. (4) That the plaintiff be decreed to have the right to the possession of the said land from the 26th day of August, 1909. (5) That any instruments of record whereby the defendants, and each of them, claim title to the said land, be declared null and void, and that the same be canceled of record. (6) That the title of the plaintiff be quieted as against all persons claiming by, through, or under Cora B. Ward, and against the said Cora B. Ward. (7) And

plaintiff prays for such other and further relief as to equity and good conscience shall deem proper and for her costs. (8) And for an injunction against the defendants. and each of them, restraining them fr m further wasting the said land."

After the defendants' demurrer to the petition had been overruled, the defendant Cora B Ward filed her separate answer thereto, alleging in substance:

"A general denial of the allegations contained in the plaintiff's petition; that she purchased the lands in controversy for a good and valuable consideration. which she alleges was paid plaintiff, and pleads the statute of limitations of Oklahoma. and disclaims any right or interest in said premises, for the reason that she had sold said lands prior to said suit."

The defendants Cora B. Coblentz, J. S. Hopping, Creo Oil Company, a corporation. and E. A. Ross, answer, denying generally all the allegations of the petition except as expressly admitted:

"Admits that plaintiff, Estelle Franklin, heretofore conveyed by good and valid warranty deed to Cora B. Ward the premises described in plaintiff's petition, and states the fact to be that said Cora B. Ward took possession of said premises on or about the 27th day of August, 1909, and that said Cora B. Ward and her grantees have been in continuous, uninterrupted, open, exclusive, and notorious possession thereof at all times between said 27th day of August, 1909, and the 30th day of August, 1911; that on or about said 30th day of August, 1911, said J. S. Hopping, by mesne conveyances, acquired title to said premises by warranty deed; that said J. S. Hopping and Cora B. Coblentz paid the entire consideration for said premises, being the sum of fifteen hundred and eight dollars ($1,508) in cash, on or about said 30th day of August, 1911, and bought said premises without notice of any claim or right of said plaintiff.

"Said defendants state the fact to be that they are innocent purchasers, for value, of said premises; that they paid the full purchase price and consideration for the same, long prior to the filing of this action, without notice of any claim or right of any character on the part of said plaintiff, or any one for her on her behalf, in and to said premises; that they purchased said lands in reliance on the record title, to said premises, which disclosed a perfect title in their grantor; that said grantor, and the persons from whom he deraigned title, had been in open, notorious, and exclusive possession of said lands from the 27th day of August, 1909; that on or about the said 1st day of January, 1912, said defendants J. S. Hopping and Cora B. Coblentz went into possession of said lands, and have been in open, exclusive, notorious, peaceable, and uninterrupted possession of the same from said date up to this time, except as hereinafter stated.

"Defendants further state the facts to be that on or about the 1st day of December, 1911, said lands appeared to have some value for oil and gas; that thereupon said plaintiff being tempted by said apparent value for oil and gas, fraudulently and wrongfully attempted to go into possession of said premises, and to claim possession of the same; that these defendants forthwith brought an action against said plaintiff for the purpose of ejecting her from said premises; that said cause was tried before the Honorable G. M. Litson, justice of the peace, he having jurisdiction thereof; that upon said hearing said Estelle Franklin, plaintiff in this action, contended that she had never executed any deed or other instrument affecting said premises; that said Estelle Franklin took the witness stand, was duly sworn, testified in her own behalf, and in the course of said testimony stated under oath that she had never signed the deed dated August 27, 1909, conveying said lands to Cora B. Ward. and further testified that she had not signed any instrument conveying or purporting to convey any interest in said premises affecting the same, and further swore that such instruments were forgeries.

"Defendants further allege that at said hearing said Estelle Franklin made no claim that said deed was given to operate as a mortgage, or was given with the intent that the same should be a mortgage, and made no other claim relative to the same except that the same was a forgery; that by reason of the foregoing plaintiff is estopped to assert or set up the claim set forth in her said petition.

"Defendants further allege that upon the hearing of said cause before the Honorable G. M Litson. judgment was rendered in favor of these defendants. who since said time have been in open, continuous, notorious, peaceable, and uninterrupted possession of said lands without any adverse claim on the part of plaintiff except as herein alleged to the date of the filing of this action.

"Defendant further alleges the fact to be: That plaintiff is barred by the statute of limitations of the state of Oklahoma and by her laches and inequitable conduct from asserting any right, title, or interest in and to said lands, and from maintaining any action to recover the same. That the defendants. the Creo Oil Company, a corporation and E. A. Ross, together with Henry N. Greis. are in possession of said premises. and of the oil and gas thereunder, by virtue of an oil and gas mining lease made. executed, and delivered by the defendants J. S. Hopping and Cora B Coblentz. on or about the 23d day of June, 1913. That said lessees have the right to the exclusive

possession of said lands for oil and gas mining purposes, and are the owners of seven-eighths of all oil produced therefrom. That on or about the 4th day of August, 1913, said oil and gas lessees entered upon said lands and took possession thereof, for the purpose of developing the same for oil and gas. That at said time neither the defendants nor their associates had any knowledge of any claim of plaintiff. That said lands had not been developed for oil and gas mining purposes, and at said time had practically no value as an oil and gas proposition. That a dry hole had been drilled, adjacent to said lands, about 200 feet from the southwest corner thereof. That two additional dry holes had been drilled, one being located north of the north line of section 17 in which the land aforessaid is located, and the other had been drilled approximately one-quarter of a mile east of the northwest corner of said section. That an additional dry hole had been drilled in the northwest corner of section 17, about one-half mile west of said land. That the principal value of said premises at the time said oil and gas lessees entered thereon for the purpose of development was a value for agricultural purpose, and did not exceed the sum of sixteen hundred dollars ($1,600). That the agreement on the part of said oil and gas lessees to expend large sums of money in drilling was, under the circumstances, a valuable consideration for said oil and gas mining lease, and was the consideration for which the same was given. That the grantors of said lessees were in possession of said premises at said time, and that said oil and gas mining lease was taken without knowledge of any claim on the part of plaintiff, and the entire consideration therefor was delivered by performance of said agreement to drill, prior to the assertion of any claim whatever on the part of said plaintiff. That these defendants, together with the defendant Henry N. Gries, commenced and completed the drilling of a well for oil and gas on said land in the month of August, 1913. That they completed two additional wells on said land during the month of October, 1913. That during the month of March, 1914, they completed two further wells, and about the 1st of May, 1914, completed a sixth well on said premises; each of said wells being an oil producer.

"Defendants further state the fact to be that they have acquired said lease for producing oil, and have placed thereon a large amount of tankage, a power and other appliances, machinery, and equipment necessary to the proper operation thereof for oil and gas. Defendants further state the **fact** to be that their entire expenditure thereon, prior to the filing of this action, was approximately thirty thousand dollars ($30,000), and that they have been compelled to make expenditures continually, since the filing thereof, for equipment and

operation of the said leasehold. Defendants further state the fact to be that they hazarded large sums of money in drilling said premises, all of which they would have lost. in the event said lands had not turned out to be valuable for oil and gas, and that by reason of said hazard, and the energy and the labor of these defendants, the leasehold estate for oil and gas in and to said lands has become valuable, and is worth approximately the sum of one hundred thousand dollars ($100,000) ; that said increase has been and is directly due to the development of said lands for oil and gas mining purposes; that said development was a matter of common knowledge in the community, and should or could have been known to this plaintiff; that all of said development was carried on, and all of said hazard taken, without notice of any claim or right of plaintiff, and without the assertion on the part of said plaintiff, or any other person, of any claim, right, title or interest adverse to the right of said defendants.

"These answering defendants further allege that the value of the royalty interest in and to said lands have been greatly enhanced in value, and that the value of said fee is approximately the sum of —— dollars (\$20,000). Defendants . further state that plaintiff, by her silence, negligence, and failure to assert any claim, and failure to file any suit in law or equity, and by permitting defendants to hazard large sums of money, has acquiesced in the title of these defendants, has waived any and all right or claim adverse to said defendants, and is estopped by her laches and inequitable conduct from setting up any claim adverse to the title of said defendants.

"Defendants further state that plaintiff has not been in lawful possession of said land since the 26th day of August, 1909, at which date she made, executed, and delivered to the defendant, Cora B. Ward, a general warranty deed, conveying said land aforesaid to said Cora B. Ward, and allowed said grantee to take possession of the same, which said deed was duly filed for record in the office of the register of deeds of Tulsa county, Oklahoma, on the 27th day of August. 1909. Defendants further allege that said deed is a good and valid conveyance, and deny that the same was intended to operate as a mortgage, or in any other way, except as evidenced by the terms thereof. Defendants further allege: That plaintiff has allowed said warranty deed to remain of record in the office of the register of deeds of Tulsa county since the 27th day of August, 1909, and has allowed said Cora B. Ward and her grantee to remain in continuous, notorious, exclusive, and uninterrupted possession of said premises, without asserting or claiming any title to said premises. That said plaintiff has failed to commence suit or action to assert her rights, and that by the execution and delivery of said deed, and by permitting the same to

remain a matter of record, and by her silence and negligence, plaintiff invested said Cora B. Ward with full, complete indicia of ownership, and is estopped to assert any rights adverse to the title of defendants as hereinbefore alleged.

"Defendants further show the court that they purchased said oil and gas mining lease in reliance on the public record, in good faith, and for a valuable consideration; that they entered on said lands and developed the same in good faith, at great expense, and at great hazard; and that they are entitled to have the benefits of their hazard and toil protected by a court of equity.

"Wherefore defendants Cora B. Coblentz and J. S. Hopping pray that plaintiff take nothing by this action, that they be adjudged the owners in fee of said premises, and that they have their costs, and such other and further relief as to the court shall seem equitable and just.

"Defendants the Creo Oil Company and E. A. Ross pray that they together with the defendant Henry A. Greis, be adjudged the owners of said land leasehold estate for oil and gas; that said leasehold estate and all expenditures of said defendants be fully protected by order of this court; that plaintiff take nothing by this action; that defendants have their costs; and such other and further relief as to the court may seem equitable and just.

L. W. Clapp answered:

"Adopting the allegations of the answer of Cora B. Ward, and the allegations of the answer of J. S. Hopping and Cora B. Coblentz, and states the fact to be that on the 3d day of March, 1910, without any notice of any claim of plaintiff, and in reliance on the record title, for a good and valuable consideration by him paid at the time, he took a certain mortgage covering the premises described in plaintiff's petition to secure an indebtedness of seven hundred and five dollars ($705), with interest at five per cent. (5%) payable semiannually; that plaintiff is estopped by her laches from asserting any claim against this defendant, and that plaintiff's claim is barred by the statute of limitations of the state of Oklahoma."

"Wherefore defendant prays that his mortgage be decreed a valid first lien on said premises, that plaintiff take nothing by this action, that defendant be awarded his costs, and such further relief as to the court shall seem equitable and just."

The defendant Henry N. Greis adopted the answer filed by Cora B. Coblentz, J. S. Hopping and E. A. Ross. To the several answers of the defendants the plaintiff filed a reply, denying each and every statement included in said answers.

The cause came on for trial on the 29th day of May, 1915. Motion was filed by the defendants for judgment on the pleadings, which motion was sustained and judgment rendered for the defendants, to which the plaintiff excepted, and prosecutes this appeal to reverse said judgment.

The only error assigned is:

"That the trial court erred in entering judgment for the defendant in error on the pleadings in said cause."

We are first met with a motion to dismiss the appeal on the ground that the assignment of error is too indefinite and general, in that it does not direct the court's attention to any facts showing cause for reversal, and for the reason that it presents no question with this court for review on appeal. We are unable to agree with this contention, as we think that by the assignment it clearly appears that the error complained of is the action of the court in rendering judgment on the pleadings, and we think the assignment is a sufficient compliance with section 5238, Revised Laws of Oklahoma, which reads as follows:

"The proceedings to obtain such reversal, vacation or modification shall be by petition in error, filed in the Supreme Court, setting forth the errors complained of."

We do not think that the case of O'Neil v. James, 40 Okla. 661, 140 Pac. 141, cited and relied upon by defendants in error, or any one of the many other authorities cited in the defendants' brief, are in conflict with the views herein expressed. While under the strict technical definition the rendering of judgment is the act of the court, and the entering of judgment is the act of the clerk in recording the action of the court, we are unable to say that the defendants are prejudiced by the manner in which said assignment is made, as the brief of Judge Rittenhouse, one of the attorneys for defendants, clearly shows that the defendants understand that the rendering of a judgment on the pleadings is the error complained of. The motion to dismiss the appeal is therefore overruled.

We think that the court did not err in overruling demurrer to the petition. While it is true that the grounds upon which the relief sought is predicated might have been more definitely stated, said petition in substance alleges a cause of action.

It is most earnestly insisted in, and very elaborately argued by defendants' brief, citing many authorities, that more than four years prior to the bringing of this action having elapsed since the alleged fraud was perpetrated, and that during said time the

plaintiff had knowledge that the defendant Ward claimed title to and was in possession of said land, that this action is barred under section 4657, Rev. Laws 1910. With this contention we cannot agree. The primary purpose of the instant case is the recovery of real estate, and the other relief sought is but incidental thereto. Therefore said section 4657 does not apply, as said section relates to civil actions named therein, "other than for the recovery of real property." This being an action for the recovery of possession of land, the fourth subdivision of section 4655 fixes 15 years as the period in which the action may be brought L. B. Campbell v. Annie Dick et al., 71 Oklahoma, 172 Pac. 783; Reihl v. Lokowski, 33 Kan. 515, 6 Pac. 886; Delaschmutt v. Parrent et al., 39 Kan. 548, 18 Pac. 712: Murphy v. Crowley, 140 Cal. 141, 73 Pac. 820; Shepard v. Cummings' Heirs. 44 Tex. 502; Williams v. Allison, 33 Iowa, 278; Dunn v. Miller, 96 Mo. 338, 9 S. W. 640: Names v. Names, 48 Neb. 701, 67 N. W. 751.

Oakland v. Carpenter, 13 Cal. 540, was a suit in equity to set aside certain leases on the ground of fraud in procuring the same, and for possession of land. The court, referring to the statute of limitations in respect to actions for relief on the ground of fraud, states:

"We think that this provision has no relation to an equitable proceeding to set aside a fraudulent deed of real estate, when the effect of it is to restore the possession of the premises to the defrauded party. In such a case the action is substantially an action for the recovery of the real estate; indeed, it is literally. * * * But this is really an action for the recovery of real estate. and the plaintiff is no worse off because a fraud has been committed upon him. nor the defendant in any better situation than if the latter had innocently bought and entered under an imperfect title."

We are not unmindful that this court, in Webb et al. v. Logan, 48 Okla. 354, 150 Pac. 116, following New et al. v. Smith, 86 Kan. 1, 119 Pac. 380; Id., 97 Kan. 580, 155 Pac. 1080, under circumstances similar to the instant case, held that the gist of the action was to set aside the deed on account of fraud, and must therefore be brought within 2 years after the discovery of the fraud. But Webb et al. v. Logan, supra, is disapproved by L. B. Campbell v. Annie Dick et al., supra, and we therefore decline to follow it. In short, section 4658 provides the period of limitation for tolling the statutes in actions "other than for the recovery of real property," except for a penalty or forfeiture, while section 4656 provides a different period of limitation for

tolling the statutes under actions for the recovery of real property.

To sustain a motion for a judgment on the pleadings is in effect to sustain a demurrer to the petition, and admits as true all of the allegations of the petition well pleaded. The averments of the petition—that the plaintiff was fraudulently induced to execute a deed with the agreement and understanding that she was executing a mortgage; that she was illiterate; that she would not have signed such a deed, had she known it was a deed to her lands—present an issue of facts that the plaintiff was entitled to have passed upon by the jury, and the court committed reversible error in sustaining the motion for judgment on the pleadings.

"Motion for judgment on the pleadings should be denied, where the pleadings raise a question of fact to be tried." Cobble v. Farrow National Bank of Tecumseh, 53 Okla. 814, 158 Pac. 364.

"Where the petition states a cause of action and the answer states a defense, which is denied by the reply, it is a reversible error to sustain a motion on the pleadings." Robert v. Mullen, 61 Okla. 40, 160 Pac. 83; Mackey v. Boswell, 63 Okla. 20, 162 Pac 193.

This cause is reversed and remanded.

By the Court: It is so ordered.