## TOMLIN v. ROBERTS et al.

No. 16964. Opinion Filed May 3, 1927.

Rehearing Denied Sept. 20, 1927.

(Syllabus.)

1. **Limitation of Actions—Two-Year Statute Applicable to Combined Action to Cancel Deed for Fraud and to Recover Possession.**

Under our statutes, an action for the recovery of land based upon the cancellation

of a deed procured by fraud, and for recovery of possession, may be brought in the same cause, but the deed must first be canceled, and when the deed is canceled judgment for possession of the property follows as a necessary incident. In such cases the two-year statute of limitations is applicable.

## 2. Same—Mortgage Foreclosure — Limitations Against Action to Redeem.

The right to foreclosure of a mortgage and the right to redeem are mutual and reciprocal, and the same statute which applies to the action to foreclose the mortgage applies to the action to redeem. The statute of limitations begins to run from the date adverse possession is taken by the mortgagee, and is barred within five years thereafter.

## 3. Indians—Limitation of Actions—Proviso of Federal Statute not Applicable to Unrestricted Land.

The Act of Congress approved April 12, 1926, making the statute of limitations of the state of Oklahoma applicable to the restricted Indians, among other things, provides: "That no cause of action which heretofore shall have accrued to any such Indian shall be barred prior to the expiration of a period of two years from and after the approval of this act, even though the full statutory period of limitations shall already have run, or shall expire during said two years' period, and any such restricted Indian, if competent to sue, or his guardian, or the United States in his behalf, may sue upon any such cause of action during such two years' period free from any bar of the statutes of limitations." Held, that, the two-year statute is not applicable in causes of action where the land in controversy is not restricted.

Error from District Court, Creek County; Fred A Speakman, Judge.

Action by Mary Tomlin against C. M. Roberts and the Texas Company et al. for the recovery of land. Judgment for defendants, and plaintiff brings error. Affirmed.

Frank F. Lamb. West & Petry, M. A. Whipple, Jos. J. Rosenbloom, and Jos. I. Pitchford, for plaintiff in error.

Joe S. Eaton and Gilder & Rose. for defendant in error C. M. Roberts.

J. H. Hill and Ames, Lowe & Cochran, for defendant in error Texas Company.

Shea & Shea, for defendants in error American Royalty Petroleum Co. et al.

Hagan & Gavin, amicia curiae.

HEFNER. J. On August 15, 1907, the plaintiff. who was the wife of Bunner Sims, conveyed the property involved in this suit by general warranty deed to E. A. Creegan, and the deed was recorded on that date. On August 26, 1907, Creegan deeded the land to James E. Gentry. On November 23, 1907, the plaintiff executed a general warranty deed to this property in favor of H. E. P. Stanford. On December 2, 1907, J. E. Gentry executed a deed conveying the property to C. M. Roberts. On November 3, 1907, H. E. P. Stanford, by warranty deed, conveyed the property to C. M. Roberts. On July 12, 1912, C. M. Roberts and C. A. Millikin executed an oil and gas lease to the Producers Oil Company. It will be seen that the plaintiff executed two warranty deeds to this property during the year 1907, and before she could recover in this case it was necessary for her to cancel both of these deeds. She alleged in her petition that the Stanford deed, which was absolute in form, was executed as a mortgage. To this extent the action was to redeem under the theory that this deed was in fact a mortgage. Even if she were entitled to have the deed decreed to be a mortgage, she would not be entitled to recover possession of the land in controversy without first having the Creegan deed canceled. As to it the petition makes the following allegations:

"Plaintiff further alleges that thereafter and in the month of August, 1907, at a time when she did not know and was not informed that the restrictions had expired upon the sale of her land, she was asked by the said Bunner Sims, her husband, to go to the office of T. J. Cole, in the town of Beggs, Okla., and sign a deed that he was executing for the purpose of relinquishing her dower in some inherited land of her said husband. That she did so sign the deed for said purpose, which said deed was thereafter recorded in the land records of Creek county Okla., in book 31, at page 309; a copy of which deed is hereto attached, marked Exhibit C and made a part hereof; and that she was signing said deed solely for the purpose of waiving and relinquishing her dower in the said land; that she received no consideration therefor, and believes that she had no interest in the said land.

"That said deed was procured by one Ellie Gentry, having been employed to do so by the defendant C. M. Roberts; that said deed was taken in the name of E. L. Creegan; that the said Creegan never knew that the deed was taken in his name, never had any interest in the said land, never made any effort to take possession of said land under said deed, never exercised any rights of ownership in the said land, and never paid any consideration for the said land, and no consideration was paid by anyone in his behalf; that the said Mary Sims never received any consideration for the said deed

and executed the same by reason of influence brought to bear upon her as above set forth."

It appears, therefore, that as to the Creegan deed this action is one to cancel it because of fraud in its procurement.

As to the Stanford deed the petition alleges:

"That at this time and place the said Stanford explained to her that he could secure the release of a deed made to W. Thornburg, and the deed made to E. L. Creegan, and clear the title to her lands in her, for the payment to the holders of said deeds of approximately $650; and that if she would execute to the said H. E. P. Stanford the mortgage or instrument in writing which he prepared at that time, he would secure from friends of his sufficient money to pay the holders of said deeds and secure releases or quitclaim deeds from them. That the said Stanford told her he did not want her land, but would hold the title to said land until such time as she was able to pay him the $900, which was mentioned as the consideration in the paper signed and delivered to H. E. P. Stanford; that no money was paid to her, and no other thing of value was received by her as consideration for the signing of said paper, which plaintiff is informed was a deed, but by the terms of the agreement made between plaintiff and said H. E. P. Stanford said paper was intended to be a mortgage."

Plaintiff then alleges that after her separation from her first husband, and after she had married her present husband, Paul Tomlin, and in the year 1920, she commenced an investigation in regard to this land, and in her petition said:

"That she discovered that the said Stanford had conveyed in violation of his trust the title to said land to one C. M. Roberts by warranty deed, which said deed was filed in the office of the register of deeds of said Creek county, in Book 7, at page 3; a copy of which deed is attached hereto, marked Exhibit H and made a part hereof; and had caused the deeds from W. Thornburg and from E. L. Creegan to be made and executed to the said C. M. Roberts."

The petition further alleges:

"That in conveying and assigning the mortgage to C. M. Roberts by warranty deed, as hereinbefore alleged, the said H. E. P. Stanford was in fact following out an agreement made with the plaintiff at the time and in the manner alleged; that plaintiff did not authorize said Stanford to place the legal title in the name of C. M. Roberts, and that plaintiff did not authorize the said C. M. Roberts or said H. E. P. Stanford to accept transfers of the deeds from Ellis Gentry or E. L. Creegan or W. Thornburg to C. M. Roberts or to take the said conveyances in his name."

Plaintiff alleges that the defendants took possession of the land in 1915, and that they have had possession thereof since said time, and that oil has been produced therefrom.

The petition further discloses that the plaintiff discovered the alleged fraud in the procurement of the Creegan deed in September, 1907. This action was not commenced until December 5, 1924, 17 years after the execution of the deeds, and 17 years after the knowledge of the fraud. The Stanford deed, which the plaintiff contends was executed as a mortgage, was delivered in November, 1907. No action was instituted to redeem the same for a period of about 17 years.

To the petition the defendants interposed a demurrer. The trial court sustained the demurrer, and the cause of action is here on appeal therefrom.

The primary question to be determined in this case is: Does the two or the 15 year statute of limitations apply?

Defendants contend that the Creegan deed vested the title to the land in controversy in the grantee, and through subsequent conveyances in the present owners, and that the plaintiff is not entitled to recover the land unless she can first procure a cancellation of this deed, and that this action is one for equitable remedy for the reinvestment of the legal title, and that the alleged cause of action, therefore, not having been brought within two years after the discovery of the fraud, is now barred by the statute of limitations.

The plaintiff's cause of action to have the Stanford deed decreed to be a mortgage and to redeem the land from a mortgagee in possession is barred by the statute of limitations. An action to have a deed, absolute on its face, decreed to be a mortgage, is not an action for the recovery of real property, but an equitable action seeking relief from the conveyance, and plaintiff's right to redeem the land is barred in five years.

The plaintiff contends that the 15 year statute is applicable, and on page 38 of her reply brief says:

"The original petition was filed December 5, 1924, and the case is barred if one for relief on the grounds of fraud."

The decisions of our court have not been harmonious as to what statute of limitations should apply in cases of this character. In the case of Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053, Mr. Chief Justice Branson wrote a very able and exhaustive opinion covering this subject, affirming the judg-

ment of Mr. Justice E. F. Lester, who was at that time the trial judge. Notwithstanding the conflict in the decisions of this court before the Warner-Coleman Case was written, there can be no doubt as to what the law is since it was written, and all former cases in conflict therewith are hereby overruled. Paragraphs 2, 4, and 5 of the syllabus of this case are both applicable and controlling in the instant case. They read as follows:

"2. A petition which alleges a state of facts which do not show that the plaintiff is the owner of the legal or equitable title and entitled to the immediate possession of the premises does not plead a statutory action for the recovery of specific real property; but where the petition alleges a state of facts on account of which equitable relief is prayed to the end that the legal title to the premises in question may be adjudged and decreed reinvested in the plaintiff, it pleads a cause of action for the determination of an adverse interest in real estate; and where it seeks to rescind a deed on the ground of fraud, the equitable remedy of rescission being invoked and the determination of the right claimed in the premises being predicated upon a cause of action in rescission, the action is one of equitable cognizance, and not a statutory action for the recovery of specific real property, although the possession or the right of the possession may follow as an incident to the granting of the equitable remedy."

"4. Subdivision 3 of section 4657, Rev. Laws 1910, is applicable to actions for the recovery of real property as therein limited and as herein defined, but has no application to an action pursuing an equitable remedy for reinvestment of legal title, and without the successful granting of which the complainant has neither legal nor equitable title, nor the right to possession.

"5. Subdivision 3 of section 4657, Rev. Laws 1910, which in effect provides that civil actions other than for the recovery of real property can only be maintained when brought within two years after discovery of fraud, is the applicable limitation statute where equitable remedy such as rescission is pursued to reinvest title in complainant conveyed by deed, where the right to rescind is based on allegations of fraud in the procurement of the deed."

The deed from the plaintiff to Creegan was a general warranty deed and undoubtedly passed the legal title. The plaintiff alleges that this deed was procured by false representations. The plaintiff could not be entitled to the possession of the land in controversy until the Creegan deed had been canceled by an equitable proceeding. Under the Warner-Coleman Case, supra, an action

of that kind must be brought within two years after the discovery of the fraud under subdivision 3, sec. 185, C. O. S. 1921. Under our statutes the plaintiff could combine an action for cancellation and for the recovery of possession, but she could not recover possession of the property until she had first procured the cancellation of the Creegan deed. The record shows that she knew of the alleged fraud in 1907, yet no action was instituted until December, 1924. When a fraud has been committed our statute provides that an action to recover must be brought within two years after the discovery. It is not contemplated by the statute that one may sit idly by, knowing of the fraud, and take no action for relief therefrom for a period of almost a generation. As stated above, an action for the recovery of land, based upon the cancellation of a deed procured by fraud, and for the recovery of possession, may be brought in the same cause, but the deed must first be canceled, and when the deed is canceled judgment for possession of the property follows as a necessary incident. We think this case clearly comes within the rules laid down by Mr. Chief Justice Branson in the Coleman Case, supra, and is controlled thereby, and since plaintiff did not bring her suit within two years after the discovery of the fraud in the procurement of the Creegan deed, she could not thereafter maintain it.

Plaintiff contends that the Stanford deed, though absolute on its face, was a mortgage. It was executed in 1907 and the land was a few months thereafter conveyed by Stanford to Roberts. The cause of action was not brought until 1924. Plaintiff contends that Stanford agreed to procure from some of his friends sufficient money to clear her title from previous deeds, and that he would hold the title to said land until such time as she was able to pay him $900, which was mentioned as the consideration for said deed. Under the pleadings, it is not shown that there was any obligation whatever on her part to pay the $900: the only agreement being that Stanford was to hold the land until such time as she was able to pay. Since there was no definite time within which said payment was to be made, the law presumes that it must be made within a reasonable time. No note or written contract other than the deed was executed. An action to have a deed, absolute on its face, declared to be a mortgage is one of purely equitable cognizance, and the right to redeem is co-existent with the right of action to foreclose. Conceding that the Stanford deed was a mortgage, when no time had been agreed upon in which the payment

should be made, a reasonable time must be implied. Stanford could not wait 17 years and then foreclose his mortgage, because this would be unreasonable. Likewise, since the right to redeem is co-existent with the right to foreclose, the plaintiff could not wait for a period of 17 years and then exercise her right to redeem. This also would be unreasonable.

In the case of Western Land Securities Co. v. Oklahoma Farm Mortgage Co., 111 Okla. 138, 239 Pac. 223, the Supreme Court of Oklahoma in the fourth paragraph of the syllabus said:

"The right to redeem being co-existent with the right of action by the holder of a note and mortgage, the two rights being mutual and reciprocal under the decisions, when the one cannot be enforced, the existence of the other is denied, and the right of action to redeem is barred by the statute of limitations in the same time in which the statute would bar the right to foreclose the mortgage."

An action to have a deed, absolute on its face, declared to be a mortgage, being one of purely equitable cognizance, the 15-year statute of limitations is not applicable. In this state, the action to foreclose the mortgage is governed by the five-year statute of limitations. The right to redeem begins to run from the date of the adverse possession on the part of the mortgagee, and the action is barred within five years thereafter. It is admitted in the petition of plaintiff that adverse possession was taken in 1915. The right to redeem was therefore barred in five years thereafter. Since the suit was not filed until 1924, the right to redeem is clearly barred.

Plaintiff contends that, even though limitations had matured against her, she can maintain her action under the second section of the Act of Congress approved April 12, 1926. It is as follows:

"The statutes of limitations of the state of Oklahoma are hereby made and declared to and shall have full force and effect against all restricted Indians of the Five Civilized Tribes, and against the heirs or grantees of any such Indians, and against all rights and causes of action heretofore accrued or hereafter accruing to any such Indians or their heirs or grantees, to the same extent and effect and in the same manner as in the case of any other citizen of the state of Oklahoma, and may be pleaded in bar of any action brought by or on behalf of any such Indian, his or her heirs or grantees, either in his own behalf or by the government of the United States, or by any other party for his or her benefit, to the same extent as though such action were brought by or on behalf of any other citizen of said state; provided: That no cause of action which heretofore shall have accrued to any such Indian shall be barred prior to the expiration of a period of two years from and after the approval of this act, even though the full statutory period of limitations shall already have run, or shall expire during said two years' period, and any such restricted Indian, if competent to sue, or his guardian, or the United States in his behalf, may sue upon any such cause of action during such two years' period free from any bar of the statutes of limitations."

The land involved is the surplus allotment of the plaintiff. The restrictions on it expired in 1907 and before the Creegan deed was executed. Plaintiff contends that she can maintain this suit for a period of two years after the approval of the act although the statute of limitations had matured before such approval. We cannot agree with this contention. In the first place, there is no allegation in the petition that plaintiff is a restricted Indian within the meaning of this act. It is true that, under the law, her homestead might be restricted, or restrictions may have been removed from her homestead by the Secretary of the Interior, and it may have been sold. In the second place, it is clear that the land in controversy has been free from restrictions since 1907, and was free from restrictions when the Creegan deed was executed. For plaintiff to be able to maintain a suit within the additional two-year period above provided for, after limitations had already matured before the passage of the act, it would be necessary for the land in controversy to be "restricted land." In passing the act it was doubtless not the intention of Congress to preclude any Indian who owned restricted land from bringing their suits within the two-year period, where limitations had already ripened. It undoubtedly was the intention to give a two-year period after the approval of the act within which to bring such an action. If not brought within such time, the cause would be forever barred.

There being no error, the judgment of trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, and HUNT, JJ., concur.

CLARK and RILEY, JJ., dissent.

CLARK, J. (dissenting). I cannot concur in the majority opinion in this case and the law as expressed by syllabus No. 1, which is as follows:

"Under our statutes, an action for the recovery of land based upon the cancellation of a deed procured by fraud, and for recovery of possession, may be brought in the same cause, but the deed must first be canceled, and when the deed is canceled judgment for possession of the property follows as a necessary incident. In such cases, the two-year statute of limitations is applicable."

Plaintiff in error, plaintiff below, filed her petition in the district court of Creek county, Okla., in which she alleged that she was a member of the Creek Tribe of Indians and as such there was allotted to her the lands in controversy.

Plaintiff's first cause of action states that she was the owner and prayed for the possession of the real estate described in her petition.

Plaintiff's second cause of action alleged that certain deeds were a cloud upon her title and asked that the same be canceled.

Plaintiff's third cause of action alleged that the defendants had taken oil and gas from said land and prayed for an accounting.

Under the Statutes of Oklahoma of 1893, which were adopted and became the general laws of the state of Oklahoma upon the advent of statehood, section 613 of chapter 66 provided that any person in possession could bring a suit to quiet title. Under this statute no one out of possession could quiet title. Under the procedure in Oklahoma prior to 1911 it was necessary first to bring a suit for possession. If plaintiff prevailed and secured possession, then he could bring an action to quiet title or remove clouds on his title. This was amended by chapter 10 of the 1911 Session Laws, which was approved January 25, 1911, and is now section 466, C. O. S. 1921, which reads as follows:

"An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein adverse to him for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession."

The Legislature was not dealing with the statute of limitations when this amendment was made to permit litigants to quiet title in the same suit for possession. Under this section 466, C. O S. 1921. no person is entitled to maintain an action to quiet title without first showing that he is entitled to possession.

The primary purpose of the case at bar was for the possession of real estate, and the law contemplates that if the plaintiff was entitled to possession and in the full enjoyment of that possession, she would be entitled to have all clouds removed from her title, and as an incident thereto entitled to an accounting of the rents and profits and minerals taken from said premises by the defendants.

What right would plaintiff have to ask that a deed be canceled or a cloud removed from her title without first showing, as has been held by this court in cases too numerous to mention, that her title was superior to the title or claim of defendants? Under our procedure and under the law in this state it would be a useless thing to ask that a cloud be removed from a title without first showing that she was entitled to possession and all the rights incident thereto.

Plaintiff cites the case of Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053, the second syllabus of which reads in part:

"A petition which alleges a state of facts which do not show that the plaintiff is the owner of the legal or equitable title and entitled to the immediate possession of the premises does not plead a statutory action for the recovery of specific real property. * * *"

I have not examined the record in this case, but assume that the above states the facts. This case is not applicable to the case at bar, for the reason plaintiff's petition pleads an allotment patent which vested title in her and asks for immediate possession of specific real property.

Section 183, C. O. S. 1921, reads as follows:

"Limitation of Real Actions. Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter: * * *"

Subdivision 4 of said section applies to the case at bar and reads as follows:

"An action for the recovery of real property not hereinbefore provided for, within 15 years."

The majority opinion relies on subdivision 3 of section 185. C. O. S. 1921. Section 185 is a part of chapter 3, article 2. Article 2 is headed "Limitations of Actions," and after giving the limitations of actions for recovery of real estate, section 185 is as follows:

"Limitations of Other Actions. Civil actions, other than for the recovery of real property, can only be brought within the

following periods, after the cause of action shall have accrued, and not afterwards: * * *"

The third subdivision of section 185 is, as follows:

"Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The Legislature in section 185 did not leave this section on limitations open for construction, but stated in no uncertain terms that this section should apply to civil actions other than for the recovery of real property. To apply the third subdivision of this section as a statute of limitations for the recovery of real property, in my opinion, is a plain violation of the express mandate of the statute. It will be seen that section 183 had provided all the limitations of actions for the recovery of real property and that section 185 is designated as limitations of other actions; civil actions other than for the recovery of real property. The primary purpose in this case was for the recovery of real estate, and should be governed solely as, to the limitations of said action by section 183. Should plaintiff show that she was entitled to the real property involved in this action, then she would be entitled, if she was entitled to possession, to have a cloud removed from her title and an accounting, both being incidents to the right of possession and a peaceful enjoyment of the same.

Under the holding in the majority opinion and the rule laid down therein, it has the effect of striking down the 15-year statute of limitations provided in subdivision 4 of section 183.

In the case of Campbell v. Dick, 71 Okla. 186, 176 Pac. 520, in an able and exhaustive opinion in which the court spoke through Chief Justice Sharp, it is said in the 3rd paragraph of the syllabus:

"In an action by plaintiffs for the recovery of real property in the possession of defendant, plaintiffs asked for the cancellation of a deed thereto made by the ancestor and for other relief. Defendant interposed the 1, 2, 3 and 5 year statute of limitations in bar of plaintiffs' right of recovery. Held, that the primary purpose of the action was the recovery of the possession of the land; the other grounds of relief being but inci-

dental thereto. Held, further, that the 15-year statute of limitations, as found in the fourth subdivision of section 4655, Rev. Laws 1910, fixes the period within which such action may be brought."

In the case of Franklin v. Ward, 70 Okla. 282, 174 Pac. 244, second paragraph of the syllabus reads as follows:

"Where the primary purpose of an action is the recovery of possession of real property, and other relief is sought incidental thereto, the fourth subdivision of section 4655, Rev. Laws 1910, fixes 15 years as the limitation in which, said action may be brought, and subdivision 3 of section 4657, Rev. Laws 1910, fixing the limitation of an action for fraud at two years after the discovery of the same, does not apply, notwithstanding the incidental relief sought is that a deed obtained by fraud be declared a mortgage."

In the case of Etenburn v. Neary et al., 77 Okla. 69, 186 Pac. 457, on page 73, the court re-affirmed the rule in Campbell v. Dick, as follows:

"* * * 'An action for the recovery of real property not hereinbefore provided for, within 15 years.'

"The foregoing provisions of the statute were considered by this court in the case of Campbell v. Dick et al., 71 Okla. 186, 172 Pac. 783, and were fully discussed in the opinion of the court by Sharp, C. J., wherein it was said:

"'Upon the legal issues of limitations, we have already noted that the primary purpose of the action was to recover possession of the land, the legal title to which purported to be in the defendant. While it is true that the plaintiffs also asked to have the deed of July 27, 1908, canceled, and the title thereto quieted in plaintiffs, that relief was incidental to the main action, which was to recover the lands. The mere fact that plaintiffs charged that the deed was fraudulently procured, and the grantor therein was incapacitated at the time to make a valid conveyance, none the less made the action one for the recovery of the possession of the premises. The applicable statute, therefore, is not section 4657. Rev. Laws 1910, relied upon by plaintiffs in error, but section 4655, which prescribes the limitations in actions for the recovery of real property, or for the determination of any adverse right or interest therein. Section 4657 by its terms includes several classes of actions "other than for the recovery of real property." Section 4656 provides for tolling the statute in actions for the recovery of real property, while section 4658 provides a different period of limitations for tolling the statute in actions other than for the recovery of real property except for a penalty or forfeiture. As the case at bar does not come within the first, second, or third subdivision of sec-

tion 4655, and not being an action for the forcible entry and forcible detention or forcible detention only of real property, it must fall within the fourth subdivision of the section, which provides that an action for the recovery of real property, not included within the first three subdivisions of the article, must be brought within 15 years after the cause of action shall have accrued. These views find support in Reihl v. Likowiski, 33 Kan. 515, 6 Pac. 886; and Deinschmutt v. Parent et al., 30 Kan. 548, 18 Pac. 712; also by the following decisions of other courts: Murphy v. Crowley, 140 Cal. 141, 73 Pac. 820; Shepard v. Cummings' Heirs, 44 Tex. 502; Williams v. Allison, 33 Iowa, 278; Dunn v. Miller, 96 Mo. 338, 9 S. W. 640; Names v. Names, 48 Neb. 701, 67 N. W. 751.'"

For the reasons recited herein, I most respectfully dissent from the opinion of the majority.

RILEY, J., concurs.

Note.—See under (1) 37 C. J. p. 741, §58. (2) 27 Cyc. 1851. (3) 31 C. J. p. 484, §13 (Anno.).