## GIBSON et al. v. DIZNEY.

No. 9296—Opinion Filed Jan. 7, 1919.

Rehearing Denied Feb. 11, 1919.

(178 Pac. 124.)

(Syllabus.)

**1. Judgment—Default Judgment—Validity.**

Where the allegations of a petition are sufficient to challenge the attention of the court and invoke its judical action to determine the sufficiency thereof, a judgment, rendered in such action by default against a defendant who has been personally served with summons, will not be void.

**2. Same—Vacation.**

A judgment which is not void cannot be set aside upon the mere filing of a motion therefor at a subsequent term of court, and five years after the rendition of said judgment, upon the ground that the petition did not state a cause of action.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by F. E. Gibson against Minnie M. Anthony and others. Judgment for plaintiff by default, defendant George M. Dizney's motion to vacate the judgment against him was sustained, and plaintiff and the other defendants bring error. Reversed, and judgment reinstated.

A. L. Zinser and Harry O. Glasser, for plaintiffs in error.

Parker & Simons, for defendant in error.

HARDY, J. F. E. Gibson sued Minnie M. Anthony, Henry F. Anthony, George M. Dizney, and Charles Malone upon a promissory note and a mortgage securing such note on

certain real estate in Garfield county. Defendant Malone filed disclaimer, the Anthonys appeared by attorney, and Dizney made default. Pursuant to the prayer of the petition, after hearing evidence on February 27, 1912, the court rendered a personal judgment against the Anthonys and Dizney, which judgment was kept alive by the issuance of execution thereon. On April 28, 1917, defendant Dizney filed motion in the district court of Garfield county, the superior court having been abolished, to vacate the judgment against him on the theory that it was void because the original petition failed to state a cause of action against him. This motion was sustained, whereupon plaintiff made application to have said cause set for trial, which application was denied, and plaintiff prosecutes error. After alleging the execution of the note and mortgage to secure payment of the same by the Anthonys, and that the amount thereof was due and owing by defendants, it was further alleged that defendant Minnie M. Anthony, the owner of the real estate in said mortgage described conveyed the same by warranty deed to one Dierkson, and that said Dierkson executed a mortgage thereon to said Minnie M. Anthony, and it is further alleged that said Dierkson sold the property to defendant Dizney; that the deed conveying said property to Dizney contained the following provision:

"Except the unpaid balance of a $1,300 mortgage in favor of F. E. Gibson amounting to $1,100 and interest and one mortgage for $285 and interest in favor of Minnie M. Anthony which the second party assumes and agrees to pay."

The allegations of the petition were sufficient to challenge the attention of the court and invoke its action in a determination of plaintiff's claim for judgment against Dizney. If we assume that upon the face of the petition no liability was shown against defendant Dizney, this did not defeat the jurisdiction of the court to determine such question, and the fact that the conclusion reached was erroneous does not render the judgment void. The court had jurisdiction of the parties and the subject-matter of the litigation, and possessed jurisdiction to construe the petition and determine for itself whether a cause of action was stated against Dizney. Hill v. Persinger, 57 Okla. 663, 157 Pac. 744; Chivers v. Board of Commissioners. 62 Okla. 2, 161 Pac. 822, L. R. A. 1917B, 1296; National Surety Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1135; Bell v. Ford, 68 Okla. 235, 173 Pac. 524. Besides it appears from the recital in the decree that evidence was heard in support of the allegations of the petition, and we may assume the evidence offered cured any defect in the petition.

The order was final, in that it held the judgment void and vacated the same, and the court denied plaintiff's application to have said cause set down for trial and to try said cause upon the issues raised upon the petition. The theory of defendant Dizney was that the judgment was void because the petition stated no cause of action against him, and in this contention he was sustained by the lower court. There was nothing more that plaintiff could do in the trial court, for his rights, if any he had, were finally determined against him, and the proper remedy was by appeal to this court. The precedure adopted by Dizney can only be resorted to in case of a void judgment, and cannot be used to correct errors, or irregularities that do not render the judgment void. The most that can be said of the judgment is that it was perhaps erroneous, but no motion for a new trial was filed nor appeal taken therefrom, nor was a petition for a new trial filed as authorized by statute, and the order of the court setting aside the judgment under the circumstances was in excess of its powers and jurisdiction, and is therefore void. National Surety Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136; Hawkins v. Hawkins, 52 Okla. 786, 153 Pac. 844.

The order appealed from is reversed, and the cause remanded, with instructions to reinstate the judgment in favor of plaintiff and against defendant Dizney.