### OGILVIE v. FIRST NAT. BANK IN ENID et al.

No. 26930.   Feb. 2, 1937.

Otjen & Carter, for plaintiff in error.

McKeever, Stewart & McKeever, for defendants in error.

PER CURIAM. The parties will be herein designated as they appeared in the lower court.

March 9, 1932, plaintiffs filed their petition for judgment on three promissory notes, dated October 1, 1926, secured by mortgage, and foreclosure of said mortgage. Two are for $400 each, payable in two years, with interest at 10 per cent. per annum from date. One of these notes has a credit of $205 indorsed thereon. The third note is for $5,000, due five years from date. All the notes were originally payable to the Enid Bank & Trust Company, of Enid, which duly indorsed and delivered them to the plaintiffs herein. The mortgagee is also the Enid Bank & Trust Company, of Enid. There is a discrepancy between the allegations of the petition with reference to the third note and the copy thereof, attached to the petition. The petition alleges the note bears interest from date at the rate of 5 per cent. per annum, whereas the copy shows interest from maturity at the rate of 10 per cent. per annum.

Personal service was had on the defend-

ant and a motion to quash filed on his behalf and overruled. Nothing more was done by the defendant, and on September 24, 1932, default judgment was taken against him for $7,260.90, less $205, interest and attorneys' fees, and foreclosure decreed, with appraisement waived. Petition to vacate this judgment was filed May 5, 1933, alleging unavoidable casualty and misfortune, fraud practiced upon the court, and that defendant had various named defenses to said petition, if granted a new trial. After various amendments and pleadings, this petition to vacate was overruled January 26, 1935, and due notice of appeal then given. Alias order of sale issued August 9, 1933, and, after notice, the sheriff, on September 11, 1933, sold the mortgaged property to plaintiffs for $5,000. Plaintiffs filed their motion to confirm the sale February 15, 1935, to which defendant filed objections, which were denied. Defendant also filed a motion to vacate the sale, because the price bid was inadequate and a new sale would bring more. On July 27, 1935, the sale was confirmed and defendant gave notice of appeal to this court. The case was docketed herein January 27, 1936.

It is urged that the trial court erred in upholding the judgment of September 24, 1932. No motion for a new trial was filed to the order of January 26, 1935, overruling the motion to vacate the default judgment. This appeal was not lodged here until a year and a day later, January 27, 1936. The errors of this judgment, unless void on its face, are not before this court.

In Bledsoe v. Green, 138 Okla. 15, 280 P. 301, we held:

"Where a court of competent jurisdiction, having jurisdiction of the parties and the subject matter of an action, renders judgment therein, it matters not that such judgment may be erroneous; not having been appealed from, it is final, became the law of the case and the parties are bound thereby."

To the same effect, see Portwood v. Town of Snyder, 122 Okla. 127, 251 P. 1048; Purcell Wholesale Grocery Co. v. Cantrell, 154 Okla. 302, 7 P. (2d) 672.

The errors complained of are not sufficient to render the judgment void on its face. The court had jurisdiction of the parties and subject matter of the litigation, and possessed jurisdiction to construe the petition and determine for itself whether a cause of action was stated against the defendant. Gibson v. Dizney, 72 Okla. 69, 178 P. 124. It may be admitted that there is a discrepancy between the allegations of the $5,000 note and the copy attached to the petition,

yet the amount of the judgment is the same amount claimed in the petition. As the judgment recites that the court read the pleadings and heard the evidence in support thereof, we must assume the evidence offered cured any defect in the petition. Gibson v. Dizney, supra.

In Hill v. Persinger, 57 Okla. 663, 665, 157 P. 744, 745, this court held:

"These facts are sufficient to challenge judicial examination thereof. At most the petition is merely defective, and a defective petition does not render the decree void. If the court made an erroneous finding based upon the facts alleged, the same would not be grounds for holding the judgment void. The petition in the instant case is sufficient to give the court jurisdiction. Hodgin v. Barton, 23 Kan. 740; Bryan v. Bauder, 23 Kan. 95."

The petition is sufficient to challenge the court's judicial inquiry. The defects complained of could be supplied by amendment to show in the petition the computation which the petition alleges and the court finds sufficient to support its judgment. A judgment rendered on a defective petition and in the defendant's absence is not void on its face if the petition is sufficient to challenge judicial inquiry and can be cured by amendment. McNeal v. Moberly, 150 Okla. 253, 1 P. (2d) 707.

Neither does the failure to allege the assignment of the mortgage from the original mortgagee to plaintiffs render the judgment void. The mortgage securing a note is merely incident and accessory to the note, partakes of its negotiability so that the indorsement and delivery of the note secured by the mortgage carries the mortgage with it without formal assignment thereof. Prudential Insurance Co. v. Ward, 135 Okla. 117, 274 P. 648; Chase v. Commerce Trust Co., 101 Okla. 182, 224 P. 148.

The alleged errors leading up to the judgment cannot now be reviewed by this court because of the failure to perfect the appeal therefrom. Neither can these same errors be considered here on an appeal from the order confirming the sheriff's sale. Vann v. Union Central Life Insurance Co., 79 Okla. 17, 191 P. 175.

There is no error shown in the confirmation of the sale. The only objections made to the same are that the bid of $5,000 is inadequate, as the property at the time of the objections was worth $10,000; that other parties were then interested in the property, and that defendant believes a much larger sum will be realized. The record does not contain any evidence on this point,

and the rule laid down in State v. Harrower, 167 Okla. 269, 29 P. (2d) 123, is inapplicable.

The additional circumstances urged besides the inadequacy of price are without merit. A careful study of the sheriff's return and the published notice shows that all statutory requirements were met. Also, it is obvious from the order confirming sale and the certificate of the trial judge that the sale was unconditionally confirmed.

The action of the trial court in refusing to vacate the judgment and in confirming the sale is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. P. Gotwals, Francis Stewart, and L. W. Randolph in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gotwals and approved by Mr. Stewart and Mr. Randolph, this opinion was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur. RILEY, BUSBY, and GIBSON, JJ., absent.