## JONES v. SHARP.

No. 28143. May 17, 1938.

Earl A. Brown, for plaintiff in error.

Ratliff & Clark, for defendant in error.

GIBSON, J. The priority of deeds and the question of notice are the propositions presented here. Both parties claim through the same grantor. Warren Jones obtained his deed March 20, 1933, but it was not filed for record until March 24, 1933. Orbie Sharp obtained his deed March 22, 1933, and filed his deed the same day. He afterwards brought suit against Jones.

The contention of Jones is that he purchased for Fred A. Chapman, and that Chapman was in possession of the premises when Sharp got his deed; therefore, Sharp should be held to have purchased with notice of Jones' rights.

Sharp's testimony pertinent to the issue of notice is substantially as follows:

I purchased from the owner in good faith, paying some cash and canceling an old debt. I had no knowledge of the claims of anyone else. I asked my vendor if he owned the land. He told me to look at the record. I don't think anyone was in possession. I tried to obtain possession after I bought, but Mr. Chapman, claiming to be in possession, told me to stay off. I did not know Chapman had had it rented. About ten acres of the land was in cultivation. The land was fenced and had cattle on it.

It does not seem to be denied that Fred A. Chapman was actually in possession of the premises. The testimony of the plaintiff falls far short of disproving Chapman's possession. In fact, the defendant in error, Orbie Sharp, states:

"The sole question to be determined by this court, is whether the possession of a tenant, who is not a party to the action, is noticed (sic) of any rights of another person who is not in possession and who holds an unrecorded deed."

It will be noticed that Sharp's vendor did not tell Sharp that he had not conveyed the land, but merely referred him to the record, and that Sharp made no effort to inquire as to the rights or claims of the party in possession until after he had obtained his deed, although he must have known from the fact that the land was fenced, partly cultivated and pastured that some one was in possession.

The fact that the original possession of Chapman was under a lease did not relieve Sharp of his duty to inquire, for even if the lease contract had been on record, he could not assume that the tenant was holding under the lease merely, but would be bound to inquire.

"Even if defendant had received no conveyance of any kind, he, having gone in possession, claiming title, and having paid the purchase price, his grantor had no title which she could convey to plaintiff as against defendant; and notwithstanding the fact of the lease contract on record which had not expired, plaintiff would be required, as a matter of law, to take notice by reason of defendant's possession of whatever right or interest defendant claimed in and to the land." Shaffer v. Turner, 43 Okla. 744, 144 P. 366.

One purchasing property is charged with notice of whatever rights persons in actual possession may possess. And when he has notice of such facts as would put a prudent man on inquiry, which, if prosecuted with ordinary diligence, would lead to rights claimed adversely to his vendor, he is guilty

of bad faith and is chargeable with actual notice. See Tittle v. Robberson, 143 Okla. 97, 287 P. 1011.

According to his own testimony, Sharp knew or should have known someone was in possession—the fence, the cattle, and the cultivated land were perceivable as well before his deed as afterwards. But he made no inquiry. He does not seem to have inquired of his grantor as to his possession, or even if he had conveyed. He must recover on the strength of his own title, and his deed, taken without inquiry, is void as to one in possession claiming under a prior conveyance. Jones obtained the legal title; Chapman held possession for him. Sharp's title as to Jones is inferior and void.

The judgment is accordingly reversed, with directions to enter judgment for Jones.

BAYLESS, V. C. J., and WELCH, PHELPS, and HURST, JJ., concur.