NEEL v. FIRST FEDERAL SAVINGS & LOAN ASS'N.

No. 30938.  Nov. 16, 1943.

Rehearing Denied March 28, 1944.

Application for Leave to File Second Petition for Rehearing Denied April 18, 1944.

*147 P. 2d 440.*

A. H. Huggins, of Norman, for plaintiff in error.

John E. Luttrell, of Norman, and

George E. McKinnis, Jr., of Shawnee, for defendant in error.

CORN, C. J. This is an action instituted in the district court of Cleveland county, Okla., by First Federal Savings & Loan Association, incorporated under the laws of Oklahoma, as plaintiff, against Olive M. Neel and A. C. Neel, wife and husband, et al., as defendants, for the foreclosure of a real estate mortgage. The parties will be referred to herein as they appeared in the trial court.

The mortgage sued upon was executed by Elizabeth E. Payton on August 27, 1924, as security for her note of that date, due in ten years in the principal sum of $1,400, the mortgage covering lots one (1) and two (2) in block seventy-three (73) of the original town of Norman. At the time of the execution of the note and mortgage there was issued to Elizabeth E. Payton stock certificates of the plaintiff No. 3490 for 14 shares class B, installment stock, which stock was on the same day assigned by Elizabeth E. Payton to the plaintiff as collateral security for the payment of said note.

Subsequent to the execution of the note and mortgage, Elizabeth E. Payton died, and A. C. Neel, husband of Olive M. Neel, as executor of her estate, sold at probate sale the property described in plaintiff's mortgage, together with said lots three (3), four (4), and five (5) in the same block, to S. A. Bayles, and on August 16, 1930, conveyed same by executor's deed. This deed recites a consideration of $2,000 for the property, less a balance of $991.79 due the plaintiff, which the grantee assumed and agreed to pay. Evidently at the time of the sale of the property, although the exact date thereof does not appear, the said A. C. Neel as such executor also assigned and transferred to S. A. Bayles the stock certificate No. 3490. A short time later, to wit, on October 2, 1930, the defendant Olive M. Neel acquired the property by warranty deed from S. A. Bayles, and made payments on the note and mortgage until February, 1932.

A short time prior to April, 1932, the defendants being in default, the plaintiff took charge of the property and collected the rents thereon up to April, 1932, on which date it wrote a letter to A. C. Neel, husband of Olive M. Neel, setting forth the facts and advising that by reason of his payments on the loan, the loan was reinstated, and that plaintiff was advising its agents to turn the property back to the defendants. In December, 1932, the loan again became delinquent, the plaintiff commenced to collect the rents from the tenants in possession, and thereafter continued in possession and collected the rents from the property, which it applied upon the the loan, up to December, 1939.

When the case came on for trial the defendants made the following statement as to their contentions, and statements were made by the court as follows:

"By Mr. Huggins: I would like to have the reporter note we ask for special findings of fact and conclusions of law by the court.

"Our defense is the statute of limitations. We say that this loan was executed substantially as stated by counsel—that our client, according to the pleading, which I think is substantially correct, secured this property sometime in 1930; that they went along paying on this mortgage until February, 1932, that the plaintiff, without notice, without legal right, took possession of this property in the absence of this defendant and that this defendant has never paid one penny on this loan since 1932 and for that reason the action is barred by the statute of limitations.

"By the Court: So it brings it to a question of fact whether or not there has been any payment or any tolling of the statute so far as this objection is concerned, otherwise there is no contest over the mortgage or the amount, is that right?

"By Mr. Huggins: I think that's right.

"By the Court: All right, that simplifies it somewhat."

At the conclusion of the trial the court rendered judgment in rem for the principal sum of $452.24 with interest at

the rate of 8.75 per cent per annum from April 1, 1940, making a total amount of $510, and for attorney's fees for plaintiff's attorney in the sum of $51. And further judgment foreclosing the mortgage and ordering the premises sold.

There can be no question that the plaintiff from December, 1932, to 1939, was a mortgagee in possession; that it took possession peaceably and retained such possession until the termination thereof in 1939.

"It is not necessary to the status of a mortgagee in possession that possession of the land shall have been taken under the mortgage, nor with the consent of the mortgagor." Jaggar v. Plunkett, 81 Kan. 565, 106 P. 280; See, also, Faxon v. All Persons, 166 Cal. 707, 137 P. 919; Cameron v. Ah Quong et al., 175 Cal. 377, 165 P. 961.

The statute of limitations, under the facts in this case, did not run in favor of the defendant and against the plaintiff during the time that the mortgagee was in possession by reason of the fact that the mortgagee was not claiming adversely to the defendant. The defendant at all times had the right to redeem from the mortgagee.

This court has many times held that:

"The right to foreclosure of a mortgage and the right to redeem are mutual and reciprocal, and the same statute which applies to the action to foreclose the mortgage applies to the action to redeem. The statute of limitations begins to run from the date adverse possession is taken by the mortgagee, and is barred within five years thereafter." Tomlin v. Roberts et al., 126 Okla. 165, 258 P. 1041.

See, also, Ponca City Bldg. & Loan Co. v. Graff et al., 189 Okla. 410, 117 P. 2d 514; Stroud v. Paulk et ux., 179 Okla. 493, 66 P. 2d 24.

There are other assignments of error, but they are without substantial merit.

Judgment affirmed.

GIBSON, V. C. J., and RILEY, OS-BORN, and BAYLESS, JJ., concur. HURST and ARNOLD, JJ., dissent. WELCH and DAVISON, JJ., concur in conclusion.