LETT et al. v. WEST.

No. 31357. May 22, 1945.

*158 P. 2d 1010.*

Pryor & Wilbanks, of Holdenville, for plaintiff in error L. Milford Lett, Jr.

Johnson & Jones, of Bristow, for defendant in error.

PER CURIAM. On March 18, 1931, plaintiff West and defendant Pfennighausen were each owners as tenants in common of a one-fourth undivided interest in lots 3 and 4 and S.E. ¼ of S.W. ¼ of sec. 7, twp. 15 N., range 8 east, in Creek county. And on that date Pfennighausen gave West a mortgage covering his interest in said land and in other lands to secure the payment of indebtedness evidenced by note. Default having been made in payment, West· on April 26, 1932, instituted in the superior court at Bristow an action to foreclose said mortgage. Thereafter, on June 13, 1932, the same day on which personal service was had on Pfennighausen, he conveyed to plaintiff in error Lett all his mineral interest in the land so mortgaged and other lands not involved herein. Plaintiff amended by making Lett party defendant in the foreclosure action, and failing to obtain service in Creek county, of which county said Lett was not a resident, attempted service by publication. Neither defendant appeared and personal judgment was rendered against Pfennighausen for said indebtedness and a decree of foreclosure was entered against both defendants. Thereafter, and in pursuance of special execution, the interest of said defendants in the mortgaged premises was sold, and West being the purchaser thereof, same were conveyed to him by sheriff's deed bearing date of August 21, 1933.

The present action seeks to quiet the title of West in and to said described lands and in N.E. ¼ of S.W. ¼ of said section. The judgment of the trial court in determining the interest of the parties in said N.E. ¼ of S.W. ¼, which was not covered by said mortgage, is not called in question on this appeal, and same is limited to the judgment quieting plaintiff's title in lots 3 and 4 and S.E. ¼ of N.W. ¼ of said section 7. Since the appeal was lodged it is admitted by Pfennighausen through counsel that the judgment of the trial court, so far as same affects his rights, is valid and the only error urged here is on behalf of Lett.

The finding of the trial court was general and the assignment of error is that the same is contrary to the law and the evidence.

No personal service was had upon Lett in the foreclosure action and it is admitted that the publication notice directed against him was invalid. Hence, inasmuch as West claims title to the Lett interest solely through the sheriff's deed, the soundness of the judgment of the trial court herein must depend upon the foreclosure judgment against Pfennighausen being effective to foreclose the interest of Lett by reason of privity.

It is contended on behalf of plaintiff in error Lett that it appears from the record that he was without knowledge of the pendency of the foreclosure action at the time of his purchase and that by reason of section 3154, C.O.S. 1921, as later amended, he was not charged with constructive notice since no copy of the petition in the cause had been filed at the county seat as provided in said section. Said section is as follows:

"No judgment rendered in the court at Drumright or Bristow, or the filing

of any suit in either court shall be a lien on real estate until a transcript of said judgment or a copy of the petition filed in said court, shall be filed and docketed in the Court Clerk's office at the County Seat. The cost of filing and docketing such copy or petition shall be $1.00, and the cost of filing and recording such transcript shall be $1.00."

It is contended on behalf of defendant in error West that inasmuch as service was had upon Pfennighausen within 60 days from filing of such action, same operated as lis pendens from after the date of the filing of the petition therein and was so operative at the time of purchase by Lett; that apart from notice implied by law from the mere pendency of the action, Lett should be charged with actual notice of such pendency by reason of facts putting him on inquiry; and, lastly, that the conveyance from Pfennighausen to Lett was given to defeat the mortgage lien and therefore void.

The superior court of Creek county was created by a special act of the Legislature (S.L. 1917, p. 217) and the general law relative to superior courts in the state has no application thereto (Tit. 20, O.S. 1941 § 218). As originally created, the sessions of the court were to be held only at Sapulpa, the county seat, and at Drumright. The original section of which that quoted above is an amendment was as follows:

"No judgment rendered in the court at Drumright or the filing of any suit in that court, shall be a lien on real estate, until a transcript of said judgment or a copy of the petition filed in said court shall be filed and docketed in the court clerk's office at the county seat."

Inasmuch as the provision has reference solely to the proceedings had in the court at Drumright, it is manifest it was intended that the proceedings at Drumright and Sapulpa, the county seat, should not have like effect until the terms of the provision were complied with. The lien mentioned is recognized by the act as flowing from either the filing of the petition or rendition of a judgment. The chief, if not the only, contemplated lien effected by filing a petition in the court at the county seat which but for such provision would have like effect when filed at Drumright is that prescribed by the lis pendens statute (Tit. 12 O.S. 1941 § 180) where the action concerns specific property, real or personal.

By reason of this statute the claim or charge impressed upon the property by the filing of the petition is in law as effective against subsequent purchasers as though the judgment subsequently rendered was operative at the time of filing such petition because by the terms of the statute such purchasers take subject thereto (Guaranty State Bank of Okmulgee v. Pratt, 72 Okla. 244, 180 P. 376). Thus from the standpoint of an encumbrance upon property the judgment confirms the existence and expresses the scope of a claim of record, since date of filing petition, rather than creates it. To declare that such judgment shall not be a lien until filed at the county seat is in effect a legislative recognition that previous to such filing the lien thereof was not operative. Since the lien thereof would be operative by reason of lis pendens, unless we credit the Legislature with seeking to do a vain thing and having less regard for the judgment of a court as an encumbrance than for the filing of a petition in the cause, we must conclude that the Legislature intended as well to suspend constructive notice of the pendency of such action in cases affecting real estate. To so conclude is made mandatory by the statute in suspending what is termed a "lien" arising on the filing of the petition. The word "lien" is used in its generic sense of "charge" or "legal claim" and has reference to a burden, whether arising from filing of petition or the rendition of a judgment, which is an encumbrance on realty (Pearce v. Freeman, 122 Okla. 285, 254 P. 719). The intent of the enactment is to negative the operative forces of such filing until the act of filing, prescribed as a condition precedent, is performed. In this respect it is comparable to the

rule in many states where by statute lis pendens is not operative until notice has been filed of record (42 C.J. 67, § 1598). In the instant case, since no copy of the petition in the foreclosure case was filed at the county seat, it follows that in absence of actual notice, or its equivalent, of the pendency of such proceeding, on the part of Lett at the time of his purchase, the interest so acquired by him was not subordinate to the jurisdiction of the court under the lis pendens rule and hence was not foreclosed by the judgment against Pfennighausen, his grantor, unless by reason of other considerations.

Lett testified that at the time of the transaction which was had at his home in Dustin, Okla., he had no knowledge of the institution or pendency of the foreclosure action and there is nothing in the record to indicate that he had knowledge thereof. It is contended on the strength of the doctrine announced by this court in Creek Land & Improvement Co. v. Davis, 38 Okla. 579, 115 P. 468, and Cooper v. Flesner, 24 Okla. 47, 103 P. 1016, 23 L.R.A. (N.S.) 1180, 20 Ann. Cas. 29, that Lett, by reason of facts within his knowledge, was put on inquiry which if pursued would have led to knowledge of the pendency of the foreclosure action.

Lett testified that Pfennighausen, who was his uncle, was indebted to him in the sum of $130, money loaned, and desired to obtain cash money and sold him the royalty interest in exchange for the extinguishment of the loan indebtedness and $85 in cash, paid at the time of the transaction; that he made no previous investigation of the record and that he did not know of the mortgage. Illustrative of the basis of the contention there is said in the brief:

"When the defendant Lett purchased the oil and gas royalty interest from his uncle, Pfennighausen, he should have made some inquiry into the condition of his grantor's title, assuming, of course, it was a good faith transaction. Had he done so, he would have discovered plaintiff's mortgage and would have ascertained that the indebtedness thereby secured was past due."

And after quoting from cited cases there is said:

"Applying the foregoing decision to the facts in the case at bar, Lett is held, as a matter of law, to have had knowledge of the existence of the mortgage, therefore he had 'knowledge of facts and circumstances so pertinent in character as to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts.' Having knowledge of the past due mortgage indebtedness and having knowledge that such mortgage could be foreclosed in either the district or superior court of Creek county, very little investigation on his part would have disclosed 'the ultimate fact,' that is, the foreclosure suit."

It is elementary under the doctrine invoked that the ultimate fact, notice of which is to be implied, must involve some conflict of rights involved in the action to the determination of which the implied knowledge is material, and that the inquiry enjoined by law would, if pursued with reasonable diligence, lead to knowledge thereof (Daniel v. Tolon, 53 Okla. 666, 157 P. 756). There is no occasion to invoke the rule to charge notice of the existence of the mortgage. In the first place, the mortgage being a matter of record, he is already charged with notice thereof, and in the second place he not only takes subject thereto as a matter of law but as a matter of fact is claiming no right in contravention thereof. To contend that with knowledge of the mortgage, which of itself defines the outstanding right, the purchaser should go farther to ascertain whether a suit had been brought thereon is quite beyond the doctrine of Creek Land & Imp. Co. v. Davis, supra, where the court held the words "subject to contract" contained in deed of record charged a subsequent purchaser with knowledge of all pertinent rights defined in the contract which inquiry would have disclosed. Here, with knowledge of the terms of the mortgage, there was no need to go farther to ascertain adverse rights.

However, even if we consider it imperative that he inquire to see whether there is pending an action involving the estate he is about to acquire, in view of the statute quoted it was not necessary for him to look elsewhere than at the county seat. Under the statute it is only a record at the county seat of an action pending at Bristow that could subordinate his equity of redemption to a judgment against his grantor. Since no copy of foreclosure petition was filed at the county seat, and hence no occasion to inquire elsewhere, it cannot be said that knowledge of the ultimate fact would have followed a reasonable investigation, and it follows that notice of the pendency of action at Bristow cannot be implied as contended. Had the plaintiff in the foreclosure action, who is also plaintiff in instant action, filed a copy of his petition in the foreclosure action at the county seat, Lett as purchaser would have been bound by the judgment against Pfennighausen in the foreclosure action. It is not within the duty of the court in such cases to reimpose constructive notice, the benefit of which is denied by statute, to remedy a situation arising from plaintiff's neglect.

Lastly, it is contended that the mineral grant "was without consideration and was executed and recorded for the purpose of avoiding plaintiff's mortgage and constituted an attempted fraud upon the mortgage lien of the plaintiff," and stress is placed upon divers circumstances and especially the smallness of the consideration. We deem it unnecessary to review the evidence to ascertain whether fraud is or is not reflected, for this court has held that one who has a valid lien upon property transferred cannot raise the question of fraud in the transfer. Harding v. Gillett et al., 25 Okla. 199, 107 P. 665. Such a transfer can have no greater effect upon a prior mortgage than that of a valid conveyance which is likewise subject to the mortgage. Where a conveyance occurs and is known or recorded before foreclosure, in either case it is necessary only to make the grantee a party defendant on foreclosure. It is not necessary to ask to avoid such deed in order to state a cause of action (DeWatteville v. Simms, 44 Okla. 708, 146 P. 224; Davis v. Moffett, 43 Okla. 771, 144 P. 607; Horton v. Haines, 23 Okla. 878, 102 P. 121). Where the conveyance is made subsequent to institution of foreclosure proceeding, he need not be made a party where lis pendens is operative. In the instant case, if foreclosure had been in the district court or if copy of petition in the superior court at Bristow had been filed at the county seat, Lett's rights would have been foreclosed by judgment against Pfennighausen. The plaintiff, having elected to sue in the superior court and not having filed a copy of petition at the county seat, was under the necessity of making Lett party defendant. If legal service had been had, the judgment rendered would have foreclosed Lett's equity of redemption without regard to whether the transaction was or was not fraudulent.

For the reasons stated, the judgment of the trial court, insofar as it is involved herein, is reversed, and the cause is remanded for further proceeding not inconsistent with the views herein expressed.