HIGGS v. RENFROW et al.

No. 31805. June 19, 1945.

*159 P. 2d 749.*

R. A. Wilkerson, of Pryor, for plaintiff in error.

J. W. Bashore, of Vinita, for defendant in error T. M. Chastain.

Henry Burris, of Pryor, for defendant in error H. D. Renfrow.

HURST, V.C.J. This is a suit in ejectment and to quiet title to 80 acres of land in Mayes county. The suit was commenced by H. D. Renfrow as plaintiff against Illinois Valley Trust Company and Ben Head as defendants. Olive D. Higgs intervened in the action. From a judgment in favor of the plaintiff, intervener appeals.

The land in question was allotted to George McCoy, who, on June 10, 1921, executed and delivered to the Graves Farm Loan Investment Company, a corporation, a mortgage securing a loan of $2,500 due July 1, 1928, bearing interest at the rate of 7 per cent per annum until maturity and 10 per cent per annum after maturity. On October 6, 1921, the mortgage was assigned to the defendant Illinois Valley Trust Company. The mortgage and said assignment were duly recorded in Mayes county. On October 8, 1921, the mortgage and note were sold to intervener by the Illinois Valley Trust Company and a certificate of purchase was executed and delivered to intervener. However, the original papers were retained by the company for servicing, and on September 1, 1932, the company made a formal assignment of the mortgage to intervener.

On July 20, 1922, George McCoy conveyed the land to John Duffield, who, on November 21, 1923, conveyed the land to C. M. Russ, who, on the same day, conveyed the land to The Graves Farm Loan Investment Company.

It appears that The Graves Farm Loan Investment Company had assigned mortgages on a large number of tracts of land to the Illinois Valley Trust Company, and, on September 18, 1928, the president of the Illinois Valley Trust Company secured from The Graves Farm Loan Investment Company a quitclaim deed covering said land with the name of the grantee left blank, along with deeds on some 144 other tracts of land, with authority to fill in the names of the owners of the mortgages on said lands. Thereafter, intervener's name was inserted in said deed as grantee by an officer of the Illinois Valley Trust Company and the deed was delivered to intervener. However, it appears that it was not acknowledged by C. M. Russ, who executed the deed as president of the corporation, until March 18, 1929, at which time Russ was no longer president of the company. Intervener, through an attorney in Illinois and an agent at Pryor, Okla., leased the land for agricultural purposes to the defendant Head in 1930, and Head took possession under said lease and has held possession ever since. He paid rent to intervener until the plaintiff asserted title about 1938, when he ceased paying rent. After he took possession of the land, which is meadow and grazing land, he fenced it at the request of intervener and deducted from the rent the cost of the fence. The intervener paid taxes upon said land for the years subsequent to 1923.

A receiver was appointed for The Graves Farm Loan Investment Company on April 16, 1929, and the company was adjudged bankrupt on November 4, 1929. On October 26, 1931, the trustee in bankruptcy conveyed by trustee deed this land together with

other property to T. M. Chastain and the sale was confirmed on December 16, 1932, by the referee in bankruptcy. On February 26, 1938, Chastain conveyed the property to the plaintiff, H. D. Renfrow. In order to avoid the champerty statutes and to defend the warranty in the deed from Chastain to Renfrow, Chastain was permitted to file an answer to the petition in intervention by intervener and to aid Renfrow in the prosecution of the cause.

This suit was commenced on April 14, 1938, and was resolved into a contest between Chastain and Renfrow on one side and intervener on the other side. The defendants, Illinois Valley Trust Company and Head, claim no rights contrary to the rights of intervener. By her second amended petition in intervention, intervener claims to have a right to possession of said land either as owner under said deed from The Graves Farm Loan Investment Company or as a mortgagee in possession under said mortgage. She alleged that the deed to Renfrow was champertous. She merely asked that the plaintiff be denied any relief and filed no cross-petition asking that her title be quieted or that her mortgage be foreclosed.

Appellant argues (1) that the deed to Renfrow was champertous, (2) that Chastain and Renfrow took title, if any, under the trustee's deed subject to her rights, (3) that she has title under the deed from The Graves Farm Loan Investment Company, and (4) that, if that deed did not vest title in her, she is a mortgagee in possession and her mortgage lien is not barred by limitations.

Appellees, Chastain and Renfrow, argue (1) that the deed from The Graves Farm Loan Investment Company to intervener is invalid, because the name of the grantee was left blank at the time it was delivered to the Illinois Valley Trust Company, and because it was acknowledged by the former president of The Graves Farm Loan Investment Company after his authority to do so had terminated, (2) that intervener was not a mortgagee in possession because not put in possession by the owner, and consequently she is a mere trespasser, and she did not go into possession under her mortgage, and her pleadings do not raise the issue that she is a mortgagee in possession, (3) that the mortgage lien is barred by limitations, and (4) that even if the deed to Renfrow was champertous, the suit could be prosecuted in the names of Chastain and Renfrow.

1. Chastain and Renfrow cannot claim the rights of innocent purchasers for value without notice. The trustee in bankruptcy took no better title than The Graves Farm Loan Investment Company had, and did not stand in the position of an innocent purchaser for value without notice. 7 C.J. 133; 8 C.J.S. 664; 6 Am. Jur. 628. And Chastain acquired no greater right or better title than the bankrupt and the trustee had. 7 C.J. 242; 8 C.J.S. 1066; 6 Am. Jur. 756. Intervener having been in possession of the property since prior to the sale of the land by the trustee to Chastain, Renfrow took with constructive knowledge of her rights, and is not an innocent purchaser for value and without notice of such rights. Jones v. Sharp, 183 Okla. 22, 79 P. 2d 585.

2. Since the issue presented by the pleadings and tried is whether the plaintiff is entitled to recover possession from intervener and to quiet his title against her, we do not deem it necessary to determine whether the deed from The Graves Farm Loan Investment Company was valid and vested title in intervener, for we are of the opinion that the least that can be said for her is that she is a mortgagee in possession. She pleaded that she either owns the land under said deed or that she is a mortgagee in possession. The trial court refused to require her to elect on which theory she would stand, and the appellees filed no cross-appeal on this question. The intervener urged in the trial court, and urges here, that she either owns the land or is a mortgagee in possession. It appears that there is a judgment against The Graves

Farm Mortgage Investment Company for a substantial sum in the district court of Mayes county, rendered subsequent to the execution of the mortgage but prior to the execution of the deed to intervener, and some time after the deed was delivered to intervener she was considering foreclosing her mortgage in order to extinguish the possible lien created by said judgment against said land. It is not, therefore, clear that intervener intended to accept the deed as an absolute conveyance so as to merge her mortgage lien in the title as urged by appellees.

The record is clear that intervener took possession of the land peaceably and lawfully in 1930, within two years after the maturity date of her mortgage, and her right to possession does not seem to have been questioned until about 1938. The possession by Head as intervener's tenant was her possession. 36 Am. Jur. 822. It is not material whether she intended to take possession under the deed or the mortgage. Assuming the correctness of the contention of appellees that the deed is invalid, she is a mortgagee in possession. Neel v. First Federal Sav. & Loan Ass'n, 194 Okla. 133, 147 P. 2d 440; Ponca City Bldg. & Loan Ass'n v. Graff, 189 Okla. 410, 117 P. 2d 514; 41 C.J. 612. And she may not be ousted from possession until her mortgage debt has been fully paid. Harding v. Garber, 20 Okla. 11, 93 P. 539; 41 C.J. 613; 36 Am. Jur. 824, 827. Nor is her mortgage lien barred by limitations. Neel v. First Federal Sav. & Loan Ass'n, above; 36 Am. Jur. 824.

It is unnecessary to consider the contentions as to whether Renfrow's deed is champertous.

Judgment reversed, with directions to proceed consistently with the views herein expressed.

GIBSON, C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.