UNDERHILL v. MILLER et al.

No. 32398. Nov. 12, 1946.

*174 P. 2d 249.*

C. F. Green, of Ada, for plaintiff in error.

G. T. Ralls, of Coalgate, for defendants in error.

OSBORN, J. This is an action to quiet title to certain lands in Coal county, cancel the lien of a mortgage thereon and recover possession thereof, brought by the plaintiff, Cole Underhill, against the defendants, Pearl Miller, W. H. Miller, and others. The defendants Pearl Miller and W. H. Miller, by cross-petition, asserted that they were mortgagees in possession of the land involved and sought foreclosure of the mortgage. The trial court denied the plaintiff relief, deducted from the amount of the mortgage debt found due and unpaid the reasonable rental value of the premises during the time possession had been held by the mortgagees, and decreed foreclosure. Plaintiff appeals.

There is no substantial dispute as to the facts. It appears that the land in controversy was allotted to George Allen, a member of the Chickasaw Tribe of Indians, and that on March 16, 1921, Allen mortgaged the land to W. A. Miller for the sum of $2,250, and, at the same time, with the consent of Allen, Miller took possession of the land and held it as a mortgagee in possession until his death in 1938; that shortly after the making of the mortgage Allen departed from the state and has since been a nonresident; that no payment was ever made on the mortgage debt, that the mortgagee Miller died intestate in 1938, leaving surviving him as his sole and only heirs the defendants Pearl

Miller and W. H. Miller; that his estate was probated and the property distributed to Pearl Miller and W. H. Miller, and that they have since been in possession of said land. On December 10, 1941, George Allen and his wife, residents of Kansas City, Kan., made a quitclaim deed of the property to plaintiff, receiving as consideration therefor the sum of $100, and on January 22, 1942, this action was commenced by plaintiff.

Plaintiff, in his petition, alleged, and here contends, that the mortgage was barred by the statute of limitation, and that the trial court erred in not so holding. In support of this contention he cites Burroughs v. Burroughs, 196 Okla. 50, 162 P. 2d 549; Bertram v. Moore, 160 Okla. 78, 15 P. 2d 589, and other cases holding that a mortgage or other lien is extinquished by lapse of time under the provisions of 42 O. S. 1941 §23. In none of these cases, however, was the mortgagee in possession of the land involved.

The general rule is that where a mortgagee lawfully, with the consent or acquiescence of the mortgagor, takes possession of the mortgaged property, the lien of his mortgage is not extinguished by lapse of time, or the running of the statute of limitations, nor can the mortgagor or his grantee oust the mortgagee from possession, or deprive him of his lien, except upon payment of the mortgage debt. 19 R. C. L. 462, §248; 34 Am. Jurisprudence, 296, §381; Jasper State Bank v. Mrs. Ethel Braswell, 130 Tex. 549, 111 S. W. 2d 1079, 115 A. L. R. 329, and note; Pettit v. Louis, 88 Neb. 496, 129 N. W. 1005, 34 L. R. A., N. S., 356, and note.

The general rule announced above was recognized and applied by this court in Neel v. First Federal Savings & Loan Ass'n of Shawnee, 194 Okla. 133, 147 P. 2d 440, in which case the mortgagee in possession, as plaintiff, brought an action for the foreclosure of its mortgage against Olive M. Neel and A. C. Neel, the mortgagors. The mortgagors asserted, among other defenses, that the mortgage was barred by the statute of limitation. In disposing of this defense we said:

"The statute of limitations under the facts in this case did not run in favor of the defendant and against the plaintiff during the time that the mortgagee was in possession by reason of the fact that the mortgagee was not claiming adversely to the defendant. The defendant at all times had the right to redeem from the mortgagee."

In that case, citing Tomlin v. Roberts et al., 126 Okla. 165, 258 P. 1041, and other cases, we said that the right to foreclose and the right to redeem were mutual and reciprocal, and that the statute of limitation began to run from the date the possession of the mortgagee became adverse.

In the instant case, while it appears from the record that in the administration proceedings on the estate of W. A. Miller, deceased, the land itself was included in the inventory and appraisement of the property of Miller and was distributed to his heirs as such, there was no adverse holding. In asserting their defense to the action they made no claim to the land, but claimed only their rights under the mortgage. The trial court did not err in finding and holding that the lien of the mortgage was not extinguished by lapse of time, or the foreclosure thereof barred by the statute of limitation.

Plaintiff contends that the cross-petition of defendants for foreclosure could not be maintained by them, but could only be maintained by the personal representative or administrator of the estate of W. A. Miller, deceased, and that in the amended answer and cross-petition of defendants it was alleged that Pearl Miller was administratrix of said estate. This contention is without merit.

While the amended answer and cross-petition did make such statement, it was admitted at the trial that the making of that statement was due to a mistake on the part of the attorney for defendants, and there is no showing that

plaintiff was misled thereby. In his petition plaintiff alleged the death of W. A. Miller; that the defendants were his only heirs at law, and that whatever right, title or interest W. A. Miller owned in the mortgage passed to and vested in the defendants. It further appears that the estate of W. A. Miller had been closed on July 12, 1940. When the property was distributed to the heirs they acquired all interest and all of the rights formerly vested in W. A. Miller, and could maintain or defend any action which he could have maintained or defended thereon in his lifetime.

In this connection plaintiff contends that the notes and mortgage were never distributed to the heirs, but that the land itself was distributed. Defendants introduced in evidence a certified copy of the final decree of distribution in the estate of W. A. Miller, deceased. By the terms of that decree the lands and property therein described "as well as all other property of every kind and character subject to administration and payment of debts", was distributed to defendants. Certainly this was broad enough to cover the notes and mortgage.

Plaintiff further contends that the trial court erred in permitting the defendants, after the trial of the case and before judgment, to file an amended answer and cross-petition setting forth more fully and explicitly their claim. Careful examination of the amended answer and cross-petition shows that it does not state or attempt to state a new and different cause of action, and plaintiff was in no wise prejudiced thereby. The amended answer and cross-petition so filed corrected the erroneous allegation in the previous answer and cross-petition that Pearl Miller was the administratrix of the estate of W. A. Miller, deceased, and asserted the rights of the heirs as mortgagees in possession. In substance, it was simply a reassertion of the rights claimed by them under their amended answer and cross-petition filed prior to the trial of the cause.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.