McLENNON et al. v. DEAVER.

No. 33865.  Oct. 10, 1950.

*223 P. 2d 355.*

462

T. L. Blakemore, of Sapulpa, for plaintiffs in error.

Wm. L. Cheatham, of Bristow, for defendant in error.

LUTTRELL, J. This is an action to quiet title to the mineral interests under certain lands in Creek county, brought by plaintiffs, W. M. McLennon, Ida J. Rogers, L. Milford Lett, Jr., and Lucy R. Wallace, against the defendant, Ida A. Deaver. The trial court overruled the motion of plaintiffs for a judgment on the pleadings, and sustained the demurrer of defendant to the evidence of plaintiffs. Plaintiffs appeal.

The record is certified only as a transcript, and under our former holdings in such case the only error assigned by plaintiffs which we can consider on appeal is whether the trial court erred in overruling the motion for judgment on the pleadings. Bland v. Morse, 141 Okla. 30, 283 P. 1002; Oklahoma City-Ada-Atoka R. Co. v. Parks, 182 Okla. 598, 78 P. 2d 791. In considering the question presented it must be borne in mind that the settled rule in this state is that if the answer of defendant states a legal defense of any kind to the cause of action alleged by plaintiff, the trial court did not err in overruling the motion. Fisher v. Millspaugh, 192 Okla. 127, 134 P. 2d 579; Mackey v. Boswell, 63 Okla. 20, 162 P. 193.

The answer of the defendant states that on December 20, 1926, the predecessor in interest of defendant took a mortgage upon the fee-simple title to the land above described from the owner thereof, which mortgage was duly recorded on December -21, 1926, and that on August 7, 1931, foreclosure proceedings were commenced by the mortgagee against the mortgagor and a receiver appointed by the court, who took possession of the land and collected oil and gas rentals and agricultural rentals; that on November 9, 1931, judgment was rendered for the mortgagee foreclosing the mortgage and ordering the land sold; that on May 10, 1932, the property was sold to the mortgagee for the sum of $2,000, which was less than the amount of the mortgage debt, and that on July 6, 1932, the sheriff executed and delivered to the mortgagee a sheriff's deed, which was duly recorded on the same date.

It was further alleged that thereafter the mortgagee died and his estate was administered, and all of his estate awarded to the defendant, and that upon the death of the mortgagee the defendant entered into possession of the land and collected oil and gas rentals and royalties accruing therefrom.

It alleges that the deed of the predecessor in title of plaintiffs made by the mortgagor and conveying the mineral interests under said land to the predecessor in title of plaintiffs was dated May 9, 1932, after the mortgage foreclosure action had been filed and while the receiver therein appointed was in possession of the land, and that the purchaser of said mineral interests from the mortgagor had actual knowledge of the possession of the land by the receiver. It is further alleged that the defendant and those under whom she claimed, had been in the open, notorious, exclusive, and adverse possession of the lands, and had collected oil and gas rentals and royalties accruing thereon, since August 10, 1931, and that the action was barred by the five-year statute of limitation, and also by the 15-year statute of limitation.

Defendant concedes that no copy of the petition in the foreclosure action

was filed in the district court of Creek county as required by the provisions of 20 O.S. 1941 § 202, and that under our decision in Lett v. West, 195 Okla. 461, 158 P. 2d 1010, the purchaser of the mineral interest from the mortgagor was not charged with constructive notice of the pendency of the action as provided in 12 O.S. 1941 §180.

The answer stated a sufficient defense to the action. In Goslen v. Waddell Investment Co., 145 Okla. 269, 292 P. 362, we held that open, notorious and adverse possession for five years after the recording of the sheriff's deed under a mortgage foreclosure sale vested the purchaser with title, and necessarily if defendant acquired title by adverse possession the allegations of her answer, if proven, would present a defense to the action by plaintiffs to quiet title.

In Tomlin v. Roberts, 126 Okla. 165, 258 P. 1041, and in Stroud v. Paulk, 179 Okla. 493, 66 P. 2d 24, we held that where adverse possession was taken by the mortgagee an action to redeem from the mortgage would be barred after five years.

In the instant case, if defendant failed to establish title by adverse possession, and it was shown that the decree of foreclosure was invalid as to the plaintiffs and their predecessor in title, defendant, as to the interest claimed by plaintiffs, would be a mortgagee in possession. Underhill v. Miller, 197 Okla. 657, 174 P. 2d 249; Higgs v. Renfrow, 195 Okla. 545, 159 P. 2d 749. In such case, where the mortgage had not been foreclosed upon the entire property, and the money derived from the part sold had not fully satisfied the mortgage debt, equity, as to the interest upon which the mortgage had not been foreclosed, would keep the mortgage alive. Rives v. Stanford, 188 Okla. 108, 106 P. 2d 1101; Yoder v. Robinson, 45 Okla. 165, 145 P. 775; 59 C.J.S. p. 856, §524; 37 Am. Jur. p. 195, §794; Jasper State Bank v. Braswell, 130 Tex. 549, 111 S. W. 2d 1079, 115 A.L.R. 329, and note. Under these authorities, if it were established that plaintiff was a mortgagee in possession, an action to quiet title could not be maintained by plaintiffs, but they would be relegated to an action to redeem from the mortgage.

Since the allegations of the answer sufficiently stated a defense or defenses against the action, the trial court did not err in overruling the motion of plaintiff for judgment on the pleadings.

Affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.