Mattie KING, J. E. Gilbert, E. J. Gilbert,
W. W. Gilbert, and Myrtle White,
Plaintiffs in Error,

v.

Bess CLEMENT and T. E. Clement, Jr.,
Defendants in Error.

No. 36030.

Supreme Court of Oklahoma.

Nov. 23, 1954.

Renegar & Renegar, Oklahoma City, for plaintiffs in error.

Joe Curtis, Pauls Valley, T. R. Benedum, Norman, for defendants in error.

BLACKBIRD, Justice.

This appeal involves title to an 80 acre farm situated in Section 23, Township 1 North, Range 2 West, Garvin County, Oklahoma. As far as the issues herein are concerned, J. H. Gilbert and Lizzie Gilbert, his wife, were the original owners. In October, 1920, they borrowed $2,500 from the Clement Mortgage Company, Norman, Oklahoma, evidenced by a promissory note they executed and delivered to said company. The loan was secured by a real estate mortgage covering the farm·involved in this appeal (and other land) which they executed and delivered to said company at

the same time. One month later, the Mortgage Company endorsed, assigned and delivered the note and mortgage to one J. August Johnson, a California resident. It was arranged that the mortgage company would "service" the loan for Johnson, which, as we understand it, included collection of the payments accruing thereon and forwarding them to him, after deduction of its fee or commission for such service. Thereafter, Gilbert, who in the meantime had left Garvin County and moved to Norman, defaulted in payment of the note's interest coupon No. 5, due January 1, 1926; and, some time during that month, with Gilbert's specific consent and authorization, the Mortgage Company took possession of the farm for the purpose of renting it out and applying the rentals on the mortgage indebtedness. Apparently, insufficient funds were derived from this source, and payments on the note were again in default when Johnson caused suit to be filed in 1927, for judgment on the note and foreclosure of the mortgage. In said suit, service was never obtained on the Gilberts, but, notwithstanding this, on September 10, 1929, a minute was entered in the Court Clerk's records indicating that judgment as per a journal entry "to be filed", was granted plaintiff. No such journal entry of judgment was ever filed, but, according to a letter previously written by Johnson to the Clement Mortgage Company on December 13, 1928, Johnson's attorney had advised him that the foreclosure had been completed and the farm was his. In the letter, Johnson requested the mortgage company to "take charge" of the farm for him and try to find a buyer for it. After taking possession of the farm pursuant to his authorization, the Mortgage Company thereafter rented it for Johnson until his death in February, 1931, and thereafter for his heirs and successors up to and including 1949, without interruption by any one including the mortgagors, Gilbert and his wife, and after their deaths their heirs.

In the meantime 40 acres of the land involved was purportedly sold at the 1940 tax resale to Garvin County, and thereafter conveyed by County Deed to T. E. Clement, Jr., son of the former, but then deceased,

President of the Clement Mortgage Company. (This resale and these deeds are undisputedly void). T. E. Clement, Jr., then executed and delivered a purported quitclaim deed, dated September 12, 1944, to one Lee Hinkle, who thereafter in February, 1945, commenced the action to quiet title, which finally culminated in the present appeal. He obtained a default judgment purporting to quiet his title, without service other than by publication on the heirs of J. H. and Lizzie Gilbert, original owners and mortgagors. In October of the same year he executed and delivered a quitclaim deed covering the property to Besse Clement, T. E. Clement, Jr.'s wife. Approximately two years after the default judgment, the Gilbert heirs exercised their statutory right to have it vacated and Hinkle's action reopened, by filing therein their motion therefor. The court finally, in 1947, sustained this motion; and during the period of approximately five years that elapsed while the cause was pending and various hearings were being had thereon and before final judgment, the heirs of J. August Johnson, deceased assignee of the mortgage, executed and delivered to Besse Clement an instrument dated October 23, 1950, denominated a "Quit Claim Deed", which not only contained all of the necessary formal requisites of a conveyance to Mrs. Clement of any right, title or interest, if any, they might have in the land, but also contained the following language:

"* * * and the undersigned, as the heirs of J. August Johnson, Deceased, do also by these presents formally grant, bargain, assign and convey unto the said Besse A. Clement all of their right, title and interest in and to a certain promissory note dated October 22, 1920, executed by J. H. Gilbert and Lizzie Gilbert, his wife, to the Clement Mortgage Company, Norman, Oklahoma, in the amount of $2,500.00, together also with all of their right, title and interest in and to the mortgage securing said note, executed by the above-named note makers, covering lands in Garvin County, Oklahoma, which mortgage is of record

in Book 93 at Page 83 of the records in the office of the County Clerk of Garvin County, Oklahoma, and the undersigned do further declare that, at the time of making said Quit-Claim Deed above referred to to Lee Hinkle, grantee, it was their intention to sell, assign, transfer, set over and convey unto the said Lee Hinkle all of their right, title and interest in and to said lands of every nature whatsoever, including the unpaid note of J. H. Gilbert and Lizzie Gilbert, his wife, above referred to, and the mortgage securing the same, described as recorded above, all of which interest in and to said lands of every character or description whatsoever is now assigned, granted, set over and conveyed unto the said Besse A. Clement."

Thereafter, T. E. Clement, Jr., and his wife, Besse, were substituted for, and assumed the position of, Lee Hinkle in the action; and the cause was tried to the court.

At the trial the testimony of various witnesses, including some of the tenants of the farm, was introduced to show that ever since the Gilberts had defaulted on payments of the mortgage indebtedness in January, 1926, the land had been occupied by tenants procured by the Clement Mortgage Company, as agent of J. August Johnson during his life, and for his heirs after his death. On the basis of the evidence, the court, among other things, entered money judgment against the Gilbert heirs, hereinafter referred to as appellants, for the amount of the mortgage indebtedness, which with interest totalled more than $28,000, and quieted their title in the real estate, conditioned upon their payment within 90 days of said money judgment into court for the use and benefit of Besse and T. E. Clement, Jr., hereinafter referred to as appellees. Later, however, at the hearing on appellants' motion for a new trial, the judgment was amended to transform the money judgment into a judgment "in rem", and to decree foreclosure of the mortgage lien with which it impressed said property in favor of appellees. The Court's determination that this debt was due appellees from appellants was based upon two principle conclusions. The first of these was that one or both of the above-described quitclaim deeds, through which Besse Clement deraigned her "title" (if any) from the Johnson heirs, constituted an "equitable" assignment of the mortgage. The other conclusion was that the statute of limitations asserted by the Gilbert heirs as a bar to the recovery of the mortgage indebtedness, had been "tacked" (tolled or suspended) during the many years since their parents, the original mortgagors, had authorized J. August Johnson, or the Clement Mortgage Company for him, to take possession of the land, and that he and his successors and assigns, of which Besse Clement was the latest, had continued in possession of it, as "mortgagees in possession."

In the present appeal from said judgment appellants ascribe error in both of the above described conclusions of the trial court. Most of their brief is used in attempting to show that, since in the early action instituted by J. August Johnson to foreclose the mortgage assigned to him by the Clement Mortgage Company as hereinbefore described, no service had been obtained upon the mortgagors, and the pretended judgment falsely indicated by the court clerk's minutes as aforesaid, had not been revived after said mortgagors' deaths, or any independent action filed, by September, 31, 1932 (one year after the death of J. August Johnson) said "Judgment" was forever barred, and could constitute no basis for any claim or color of title in appellees, the successors to Johnson. After carefully examining the trial court's judgment, we do not believe that the relief granted appellees was based upon the previous litigation. In this connection we note that it contains the specific finding that therein "no valid judgment was ever entered against them" (J. H. and **Lizzie** Gilbert).

■ The only part of appellants' brief which has sufficient relevancy to warrant dealing with is that in which they, without citation of authority, say that Besse Clement's so-called quit claim deed from the Johnson heirs gave her no interest in the mortgage assigned to their predecessor by the Clement Mortgage Company. In con-

nection with this contention it is observed that the note evidencing the indebtedness involved was endorsed in blank by the Clement Mortgage Company and was negotiable. We see no reason, and appellants mention none, for holding erroneous the trial court's conclusion that a valid assignment of the mortgage to Besse Clement had been effected by the negotiation of the note, Ogilvie v. First Nat. Bank, 179 Okl. 111, 64 P.2d 875, and other cases cited in 10 Oklahoma Digest, Mortgages, ▮▮▮ and/or execution and delivery of the above quoted "Quit Claim Deed", in the absence of any statute requiring the execution of a particular form of instrument to accomplish this. In this connection, see 59 C.J.S., Mortgages, §§ 355, 356.

▮▮▮ That part of the trial court's judgment which held the mortgage to be a subsisting and valid lien against the property, as against the contention that the statute of limitations had run against its enforcement, is well supported by the authorities, Underhill v. Miller, 197 Okl. 657, 174 P.2d 249; Higgs v. Renfro, 195 Okl. 545, 159 P.2d 749, and appellants in no manner demonstrate that the court's conclusion that J. August Johnson and his heirs and successors in title, including Besse Clement, were mortgagees in possession, was contrary to or against the weight of the evidence. In this connection, see Hendrickson v. Prudential Life Ins. Co. of America, 178 Okl. 98, 62 P.2d 61. During the course of their brief, counsel for appellants remark in passing that Besse Clement's deed from the Johnson heirs could give her no fee simple interest in the real estate but the judgment as hereinbefore shown to have been amended at the hearing on appellants' motion for a new trial came to no such conclusion and, as we understand it, decreed appellees no fee simple interest in the land, but only established and ordered foreclosure of their mortgage lien thereon.

As we have found none of appellants' contentions tenable when applied to the trial court's judgment as amended, the same is hereby affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and O'NEAL, JJ., concur.