Award sustained.

J. Malcolm WARD, also known as J. M. Ward, and Roxie Ward, Husband and Wife, Plaintiffs in Error,

v.

Jeep O'NEAL and La Veta K. O'Neal, Husband and Wife, Defendants in Error.

No. 38664.

Supreme Court of Oklahoma.

April 26, 1960.

A. K. Little, L. D. Hoyt, Oklahoma City, for plaintiffs in error.

F. M. Bookstore, Oklahoma City, for defendants in error.

PER CURIAM.

This action was brought by the plaintiffs against the defendants to quiet title to Lot 23, Block 4, College Hill Addition to the City of Oklahoma City, Oklahoma, and to cancel a certificate tax deed, dated February 11, 1955, issued to J. M. Ward, one of the defendants herein.

Material facts are, to-wit: Prior to 1951, C. E. Hodges and Addie Hodges owned Lots 20 through 29, Block 4, College Hill Addition, and numbered from West to East, 20 to 29. In 1949 the plaintiffs leased Lots 20, 21 and 22; there was a drive-in restaurant on the property at that time, the address being 825 S. W. 23rd Street. In 1951 plaintiffs bought Lots 20, 21 and 22, and remodeled the restaurant. After the remodeling was done it was discovered the building extended on to Lot 23 about five feet.

On December 17, 1952, the plaintiffs bought Lot 23 from C. E. Hodges and Addie Hodges for the sum of $1,000. The plaintiffs were in possession of the premises and did not file the deed for record until October, 1955. Immediately after the purchase the lot was graded and a gravel drive installed so plaintiffs would have a circular drive and parking for their drive-in restaurant. This drive occupied ten to fifteen feet of Lot 23 and ran across the lot from front to back. Thereafter plaintiffs bought Lots 24 through 29 from the Hodges. They thus became the owners of Lots 20 through 29, and the Hodges, who had been living on Lots 24 to 29, moved away.

This law suit involved only Lot 23. At the time the defendant, J. M. Ward, took a certificate tax deed on the lot and recorded it the plaintiffs were in possession and operating a restaurant thereon. Plaintiffs were not given notice of the application for tax deed.

After acquiring the tax deed defendant, J. M. Ward, filed a quiet title suit against the Hodges and obtained a judgment quieting title. It is upon this judgment that defendants rely, and apparently upon the theory that the tax deed is valid and they do not have to take cognizance of the rights of persons in possession.

Defendant, J. M. Ward, testified that he made no investigation before taking the tax deed other than to check the records of the registrar of deeds; that he knew the O'Neals' deed went of record October 20, 1955, and that he did not try to quiet title against any interest of the O'Neals. That judgment was not taken until January, 1956, and that at that time he knew the O'Neals were claiming an interest in the property; that he made no investigation to find out if anyone was in possession of the property, and that so far as he knew the O'Neals had been in possession of the property at all times. The case was tried to the court and judgment was rendered for the plaintiffs quieting their title and canceling the tax deed.

The defendants contend in their brief that the deed to the plaintiffs was altered after it was executed and delivered to them.

When the deed was first drawn it showed the property was located in Capitol Hill Addition instead of College Hill Addition. The evidence, although in conflict, showed the error was discovered and corrected before the deed was delivered to the plaintiffs. There is no question about this lot being the lot upon which a part of plaintiffs' restaurant was located, and the lot the plaintiffs bought from the Hodges.

 The defendants next contend the deed of the plaintiffs was not of record and they were lis pendens purchasers. This rule of law is not applicable, as the lot was sold to the plaintiffs and deed executed therefor several years before the tax deed was issued and the action brought by Ward to quiet his title against the Hodges.

The defendants also contend that the building encroachment and the mere use of a part of Lot 23 by customers to circle the drive-in and to park is not notice of the deed or any claim of title on the part of plaintiffs.

We hold the improvements on said Lot 23 and the operation of a restaurant thereon as heretofore disclosed were sufficient to constitute constructive notice.

In Jones v. Sharp, 183 Okl. 22, 79 P.2d 585, we held:

"The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims; and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein."

It appears that the tax deed fails for lack of written notice to the persons in possession of the lot as provided in 68 O.S.1951 § 451. Provisions of this section prescribing manner of service of notice of tax sales and issuance of tax deeds thereunder are mandatory and not directory. Farmers' Nat. Bank of Oklahoma City v. Gillis, 155 Okl. 290, 9 P.2d 47; Smith v. Bostaph, 103 Okl. 258, 229 P. 1039.

Defendants suit to quiet title fails as an effective defense here because they did not make plaintiffs, the parties in possession and owners of the lot, defendants in that action.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court.. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted.